## UNITED STATES FIDELITY & GUARANTY CO. v. BULLARD GIN & MILL CO. (No. 2655.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 30, 1922.)

Insurance ⟐157 — Workmen's compensation policy issued to corporation operating two factories held not to cover employees in one of the factories.

Where a corporation operated a cotton gin and a box factory in separate buildings with separate employees and pay rolls, but under the same management, workmen's compensation policies issued to the corporation describing the nature of the employer's business as "cotton ginning and pressing" held not to cover employees employed in making boxes and crates.

Error from District Court, Smith County; J. R. Warren, Judge.

Suit by the United States Fidelity & Guaranty Company against the Bullard Gin & Mill Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The United States Fidelity & Guaranty Company issued and delivered to the Bullard Gin & Mill Company, a private corporation, two policies of insurance, called "workmen's compensation and employers' liability policies," one dated September 3, 1918, which expired at midnight of September 3, 1919, and another dated September 3, 1919, which expired at midnight of September 3, 1920. The policies compensated and indemnified the insured company against loss by reason of any liability imposed upon said insured company under the workmen's compensation laws of Texas for damages on account of injury or death of employees. By the terms of the policies the premiums due and payable by the insured company were based upon the entire remuneration earned during the term of the policies by the employees of the insured company, except officers whose duties did not expose them to any operative hazard of the business. The insured company paid to the insurance company under each of the policies $91.95 as an estimate advance premium. As ascertained by an examination of the books, and based on the amount of compensation paid its employees (except officers) all and entire, there was due and payable by the insured company as premiums, over and above the advanced sum of $91.95, the sum of $234.75 under the first policy of September 3, 1918, and the sum of $776.55 under the next policy of September 3, 1919. Upon failure to pay these several sums of money due as premiums the insurance company brought the suit to recover judgment therefor against the insured company.

The insured company answered the suit and denied liability for the premiums, such as are based upon the employees distinctively engaged in making crates and boxes, upon the ground that it was engaged in the business both of operating a cotton gin and also in the manufacture of crates and boxes, and the policies covered only those employees employed at the gin, and not its employees distinctively engaged in the different work of making crates and boxes.

The case was tried before the court without a jury. The following is a summary of the findings of fact made by the court, viz.:

(1) The Bullard Gin & Mill Company is a corporation under the laws of Texas, and the purpose for which it was formed was "the construction or purchase and maintenance of mills, gins." Section 28, art. 1121, R. S. The company operated a cotton gin during the period of time from September 3, 1918, to the date of trial in December, 1921. The company also operated a box factory, and had a number of employees engaged in the manufacture of boxes and crates intended for use in shipping fruit and vegetables, from September 3, 1918, to date of trial in December, 1921. The box factory was located about 150 yards distant from the building in which the cotton gin and machinery was located, "and was a separate unit therefrom, but under the same management, and it employed hands separate from the cotton gin, and kept the pay rolls separate."

(2) That the provisions of each of the two policies were the same, and under each the United States Fidelity & Guaranty Company agreed with the Bullard Mill & Gin Company, a corporation, as follows (omitting parts not bearing upon the issues):

"Compensation.

"1. To pay in the manner provided by the laws of such states or commonwealths of the United States as are in force at the time this policy takes effect, or any subsequent amend-

ments thereto, as are designated in item 3 of the declarations of this policy commonly known as workmen's compensation laws, any sum due or to become due from the employer because of any such injuries or death and the obligation for compensation therefor imposed upon the employer by such laws. It is agreed that all of the provisions of such laws covered hereby shall be a part of this contract as fully and completely as though written herein, so far as they apply to compensation for any personal injury or death covered by this policy while it shall remain in force. This obligation for compensation shall include all provisions of such laws respecting funeral expenses, medical, surgical and other attendance and treatment, nurse and hospital service, medicines, crutches and apparatus.

"Compensation will be paid by the company as required by law in the event that the workmen's compensation law of any state or commonwealth named in item 3 of the Declarations is officially declared extraterritorial in jurisdiction.

"**Liability.**

"2. To indemnify the employer against loss by reason of the liability imposed upon the employer by law for damages on account of such injuries or death, provided such loss is legally insurable under the laws of such state or commonwealths as are specified in item 3 of the Declarations.

"**Employees Covered.**

"6. This policy shall cover all employees of the employer.

"This policy is subject to the following conditions:

"**Basis of Premium.**

"Condition A. The premium is based upon the entire remuneration earned during term of the policy by all employees of the employer, except the remuneration of any officers of a corporation whose duties or practices do not expose them to any operative hazards of the business. If there shall be any change in or extension of the employer's trade, business, profession or occupation, the earned premium therefor shall be adjusted at the company's manual rates respectively applicable thereto. If the earned premium thus computed is greater than the advance estimated premium paid, the employer shall immediately pay the additional amount to the company; if less, the company shall immediately return the unearned premium to the employer.

"**Acceptance.**

"Condition L. The employer, by the acceptance of this policy, declares the statements in items numbered 1 to 12, inclusive, in said Declarations to be true, except such as are declared to be matters of estimate only; and this policy is issued in consideration thereof and the provisions of the policy as respects its premium and the payment of such premium; provided, however, that nothing in this condition and no default on the part of the employer with respect to any of the provisions or conditions of this policy shall in any way affect the right of any employee, or his dependents, to recover from the company the compensation, provided by law and intended to be insured hereunder.

"**Declarations.**

"Item 1. Name of employer, the Bullard Gin & Mill Company. P. O. address, Bullard, Smith County, Texas. The employer is a corporation.

"The employer has accepted and will continue to operate under the workmen's compensation law or laws of the state or commonwealth specified in item 3 of the Declarations, known as Texas Workmen's Compensation Act.

"Item 3. Location of all factories, ships, yards, buildings, premises, or other work places of the employer, by town or city, with street and number: Bullard, Texas.

"Kind of trade, business, profession or occupation (manual classification), the business of the insured is: Cotton ginning and pressing (no compressing), minimum premium first gin $25.00; each additional gin $10.00. Estimated pay roll of employees for policy term, $1,500.00. Manual premium rate per $100 of employees' pay roll, $6.13. Estimated advance premium, $91.95."

The court concluded:

"That the policies introduced in evidence do not cover the employees of the Bullard Gin & Mill Company working at and operating a box factory operated by said Bullard Gin & Mill Company during the life of each of the policies, and therefore hold that the plaintiff is not entitled to recover any sums as premiums claimed to be due it by reason of employees working at the box factory. It is therefore ordered that the plaintiff take nothing by its suit against the Bullard Gin & Mill Company for premium for the employees operating the box factory, and judgment is ordered accordingly."

Simpson, Lasseter & Simpson, of Tyler, for plaintiff in error.

Gentry & Gentry, of Tyler, for defendant in error.

LEVY, J. (after stating the facts as above). The question for decision is: Did the court err in construing the policies of insurance in evidence as not covering the Bullard Gin & Mill Company's employees who were employed to work in its business of making boxes and crates? It was for the court to construe the insurance policies and to determine the meaning of the clauses involved, and the court did not, it is believed, err in construing the same—as he did. There are two distinct obligations upon the insurance company by the terms of the policy: One to secure payment of the compensation to the employee, and the other to indemnify the Bullard Gin & Mill Company, the employer, against loss for the liability imposed upon it, the employer, by law for damages on account of such injuries or death. By item 3 it is expressly declared that the "kind of business (manual classification) of the insured is cotton ginning and pressing (no compressing)." The "estimated pay roll of em-

ployees" and the "estimated advance premium" was with reference to that "kind of business." The representation or declaration of the "kind of business" was material, in view of the fact that the insured company was conducting two separate and distinct kinds of business. It would appear, then, that the insurance company and the insured company intended the line of business of "cotton, ginning and pressing," in which the insured company was engaged, to be the only line of business covered by the policies of insurance. And the declaration had the substantial effect of singling out one of the lines of business for, and of eliminating the other from, indemnity under the policies. And item 2 specially limits liability for indemnity imposed by law for damages on account of injury or death "as are specified in item 3 of the Declarations." Thus, as evidently appears, the parties clearly had in mind indemnity for liability arising under the Workmen's Compensation Act as applicable only to the business of "cotton ginning and pressing." In view of the fact of the special designation in the policy of the line of business that would be followed under the policy, condition A would not relieve and authorize a different construction, for the language there would ordinarily be understood as intended and meant by the parties to apply to such "a change in or extension of the business" as was named or specially designated in the policy, rather than intended by them to refer to some other business distinct from and not connected with that mentioned in the policy. And likewise the term "all employees of the employer," as used both in "item 6" and in condition A, means and has reference and application to that particular class of employees engaged in the line of business specially mentioned in the policy. It is therefore concluded that the policies of insurance should be construed to mean that they cover all employees of the insured company legally employed in the business mentioned in the Declarations made a part of the policies. The statute (articles 5246—82 and 5246—84, St. 1920) does not deny or relieve, but authorizes the construction placed upon the policies by the trial court.

The judgment is affirmed.