WILLIAM K. BARRON v. STANDARD ACCIDENT INSURANCE COMPANY.

Motion No. 10,325.   Decided October 26, 1932.
(53 S. W., 2d Series, 769.)

*H. E. Wassell, Frank Lane,* and *Black & Graves,* of Austin, for plaintiffs in error.

*Walter S. Pope,* Casualty Commissioner for the Board of Insurance Commissioners, as amicus curiae.

PER CURIAM.—This court denied an application for writ of error to review the opinion rendered in this cause by the Honorable Court of Civil Appeals for the Fourth Supreme Judicial District. 47 S. W. (2d) 380. A motion for rehearing of the application for writ of error is now pending before us. The construction of the Workmen's Compensation Act, Title 130, Arts. 8306, etc., Revised Civil Statutes, is involved. The record shows that the employer operated two plants, one a stone quarry situated in Kinney County, something like 400 miles distant from a stone cutting and polishing plant situated at Houston. The bond or policy sued on was intended by the parties thereto to cover employees in the Houston plant only. By the terms of the bond or policy, quarrying of stone was expressly excluded. The premium paid by the employer for the bond or policy was based upon the pay roll of the employees at the Houston plant and did not include consideration of the pay roll of the employees at the quarry in Kinney County. The amount of the premium paid for the bond was $322.80 and if the pay roll of the employees at the quarry and the hazard incident thereto had been used as a basis, it would have increased the premiums to the extent of $433.00.

The rule is well established that employers of labor operating under the Workmen's Compensation Act cannot cover part of their employees and leave part of them uncovered, where such employees are engaged in the same general business or enterprise, and a policy issued thereon will cover all employees in such business. In re Cox 225 Mass., 220, 114 N. E., 279; Reports Opinions of Attorney General, 1916-1918, p. 321.

Likewise, it is equally well settled that where an employer conducts two separate and distinct kinds of business, each business involving different risks, pay rolls and requiring a different premium for compensation insurance, may elect to insure a class of employees in one business and not to insure a class of employees in the other business. Therefore, a policy issued to cover a class of employees in one business, as was done here, which expressly excludes the class of employees in a different and distinct business, will not be construed to cover employees in both business and a recovery cannot be had under the policy by an employee not covered by the policy. Nothing in the Workmen's Compensation Act prohibits this construction.

U. S. Fidelity & Guaranty Co. v. Bullard Gin & Mill Co. (Civ. App.), 245 S. W., 720; Employers Indemnity Corporation v. Felter (Civ. App.), 264 S. W., 137; Interstate Casualty Co. v. Martin (Civ. App.), 234 S. W., 710; American Employers Ins. Co. v. Hookfin, 33 S. W. (2d) 801, (writ denied); U. S., etc. Co. v. Taylor, 132 Md., 511, 104 Atl., 171; Hungerford v. Bonn., 183 App. Div., 818, 171 N. Y. S., 280; Bayer v. Bayer, 191 Mich., 423, 158 N. W., 109; New Amsterdam Casualty Co. v. Industrial Com., 80 Okla., 7, 193 Pac., 974; Cambria Coal Co. v. Travelers' Ind. Co., 144 Tenn., 469, 234 S. W., 323; Maryland Casualty Co. v. Industrial Com., 178 Cal., 491, 173 Pac., 993; Milliron v. Dittman, 180 Cal., 443, 181 Pac., 779; Youngquist v. Droese Co., 167 Wis., 458, 167 N. W., 736; Indiana & Ohio L. S. Ins. Co. v. Krenek (Texas Civ. App.), 144 S. W., 1181; Norris v. China Traders Ins. Co., 52 Wash., 554, 100 Pac., 1025; Western Indemnity Co. v. Industrial Accident Commission, 43 Cal. App., 487, 185 Pac., 306; Elder v. Federal Ins. Co., 213 Mass., 389, 100 N. E., 655; Orient Ins. Co. v. Van Zant-Bruce Drug Co., 50 Okla., 558, 151 Pac., 323; Hartigan et al. v. Casualty Co. of America, 227 N. Y., 175, 124 N. E., 789; Royalty Indemnity Co. v. Schwartz, 172 S. W., 581; Fidelity & Casualty Co. v. Palmer Hotel Co., 179 Ky., 518, 200 S. W., 923, L. R. A., 1918C, 808; Mannheim Ins. Co. v. Charles Clarke & Co. (Texas Civ. App.), 157 S. W., 291; Huntley v. Providence Washington Ins. Co., 77 App. Div., 196, 79 N. Y. Supp., 35; Harris v. St.

182

Paul Fire & Marine Ins. Co. (Sup.), 126 N. Y. S., 118; Langworthy v. Oswego & O. Ins. Co., 85 N. Y., 632; State v. Chicago, M. & P. S. Ry. Co., 80 Wash., 435, 141 Pac., 897.

Rehearing upon application for writ of error is overruled.