### BARTA et al. v. TEXAS RECIPROCAL INS. ASS'N.

### No. 9198.

Court of Civil Appeals of Texas. San Antonio.

Dec. 6, 1933.

Rehearing Denied Jan. 31, 1934.

Earl D. Scott and A. N. Steinle, both of Jourdanton, for plaintiff in error.

G. B. Rogers, Tom P. Scott, and Hugh M. Gassett, all of Waco, for defendant in error.

FLY, Chief Justice.

Steve Barta, according to the allegations, was an employee in a ginning plant and was killed by the explosion of a certain corn mill outside of the ginhouse, but on the premises. The Industrial Accident Board awarded to the widow and child, and also a child unborn, certain weekly sums as specified in the award. The defendant in error herein appealed from that award to the district court of Atascosa county and filed therein a petition assailing the award made by the Accident Board. The widow, acting in the capacity as guardian of her children by the deceased, filed a cross-action against the defendant in error, basing her cause of action upon the facts hereinafter set forth.

A general demurrer presented by defendant in error to the cross-action was sustained by the trial court, and the cause was appealed to this court; the only question presented being as to the propriety of the action of the trial court in sustaining the general demurrer.

It was alleged by plaintiff in error in the cross-action that deceased was employed in a gin plant by Mrs. L. Vrana, and that she obtained insurance from defendant in error under the provisions of the Workmen's Compensation Act of Texas (Vernon's Ann. Civ. St. art. 8306 et seq.), and alleged that in such insurance policy the following items were included:

"All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employes under such of the following divisions as are undertaken by this subscriber.

"1. All industrial operations upon the premises.

"2. All office forces.

"3. All repairs or alterations of the premises.

"4. Specially rated operations on the premises.

"5. Operations not on the premises.

"Classification of Operations Estimated total Annual Remuneration Rate per $100 of Remuneration.

"Note:. If more than one classification indicate each other by (b) (c) (d) etc.,

"(a) Cotton Gins—all employes engaged in the operation of gin, installation and repair of equipment, maintenances and repair of buildings, including office help, yard men, seed and fuel haulers ` * * * $1,500. $7.35

"Estimated Deposit $110.50

"Minimum deposit for this contract shall be $82.00 advance Deposit $110.55

"The foregoing enumeration and description of employes include all persons employed in the service of the subscriber in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due together with an estimate of the contract period of all such remuneration."

These allegations are followed by the following allegations:

"On or about February 3, 1932, the said Steve Barta, who was then and there employed by the said Mrs. L. Vrana, as ginner for the operation of said gin at Hindes, and generally to do and perform all work incident to said ginning business and the furtherance of the affairs or business of his said employer, sustained an injury in the course of his employment that resulted in his immediate death.

"At the time the policy of insurance sued upon herein was written, and for long prior thereto, a corn mill for the grinding of corn of the patrons of said gin into chops or meal was installed in said gin building at Hindes. That just prior to the accidental injury of Steve Barta resulting in his death, the said Mrs. L. Vrana as his employer instructed the said Steve Barta to set up said corn mill outside the gin building on said gin premises at Hindes, and operate it with power from a motor vehicle truck that was then and there owned by the said Steve Barta by means of a belt and pulley or pulleys, the belt being driven by one of the revolving elevated rear wheels of said motor truck propelled by the engine of said truck. That in obedience to the directions of his said employer the said Steve Barta proceeded with one Joe E. Cernock to carry out same, and did carry out same, and while engaged in the operation of said corn mill in said manner and grinding corn with same, said corn mill came to pieces or exploded, and a part thereof was driven with great force from and away from said mill and struck the said Steve Barta on the head and instantly killed him."

The allegations failed to show that the operation of the corn mill was included in the items set forth in the policy of insurance, but clearly indicate that the deceased was not at the time of his death employed in work connected with the ginning operations of his master. The mill was not in the same building where the gin plant was situated, but was erected on ground outside of the gin building and operated by power different from that by which the gin was operated. Under the allegations, deceased was undoubtedly working for the same master who had obtained the indemnity insurance, but not in the line of employment designated in the policy. He was acting within the scope of his employment as connected with the corn mill and not as a ginner in and about the ginning operations. It can be readily understood that an employer might have several kinds of businesses which he is operating and might obtain insurance in one or more of them, which might inure to the benefit of employees in that business, but certainly would not extend to other business operations of his employer not included in the terms of the policy. Ginning cotton and grinding corn belong to different classes of operations, and where, as alleged, the insurance was given for the benefit of a man employed as a ginner, it could not be extended to include employment as a miller.

The allegations failed to show that deceased lost his life while engaged in employment in connection with the ginning business. The employer seemed to desire to separate the two employments from each other by moving the corn mill out of the building and placing it temporarily at least on another part of the property and propelling it by power obtained from an automobile attached to the mill in some way. The grinding of meal is not incident to, connected with, or necessary to carry out the ginning business. It is just as separate from the ginning business as a canning factory, operated by the same person, would be. The corn mill may have been an accommodation to men who brought their cotton to the gin, but it certainly was not connected, directly or indirectly, with the ginning of cotton. United States Fidelity & Guaranty Company v. Bullard Gin & Mill Co. (Tex. Civ. App.) 245 S. W. 720; Employers' Ind. Corp. v. Feltner (Tex. Civ. App.) 264 S. W. 137.

The burden of establishing the award before the Accident Board rested on plaintiff in error, and the burden did not shift when the case was appealed to the district court, but still rested on the party claiming the award. It follows that it devolved upon the widow, for herself and as guardian of her children, to allege and prove a case for an award before the district court.

We think the allegations of her cross-action

fail to show liability under the policy upon the defendant in error, and the action of the court in sustaining .the general demurrer to the cross-action and dismissing it and award-· ing costs to defendant in error is affirmed.