### TEXAS EMPLOYERS' INS. ASS'N v. ROGERS et al.
### No. 11451.

Court of Civil Appeals of Texas. Dallas.
March 24, 1934.

Rehearing Denied April 28, 1934.

Lawther, Cox & Cramer and Shelby S. Cox, all of Dallas, for plaintiff in error.

Williams & Williams, of Mt. Pleasant, and E. O. Stovall, of Canton, for defendant in error.

JONES, Chief Justice.

This is a workmen's compensation suit, in which plaintiff in error, Texas Employers' Insurance Association, is the compensation carrier, W. F. Rogers, defendant in error, is the injured "employee," and the Morton Salt Company, a corporation, is the "employer." In a trial of the issues made by the pleadings, defendant in error recovered a statutory allowance for the permanent injury to his right eye, to the extent of a destruction of 75 per cent. of its vision. Plaintiff in error has duly perfected an appeal. The following are the necessary facts:

Defendant in error is a carpenter by trade, and on the occasion in question was an employee of Morton Salt Company, and his duty was to assist in the construction of a new building, being erected by the company, for the purpose of operating a new salt mine, located about one mile south of Grand Saline, in Van Zandt county.

The Morton Salt Company has operated for years salt mines within the town limits of Grand Saline, and was operating a new mine where the building was being constructed. The building was nearing completion when the injury occurred, and there was to be installed therein, after its completion, all of the necessary machinery for refining salt. Defendant in error was not an employee of Morton Salt Company in the manufacture and refining of salt for the trade, but was employed as a carpenter, only to continue in such employment until the completion of the building. He had worked a little over a month at the time of his injury. There were disputed issues in respect to defendant in error's having an old injury to his eye that destroyed or affected the vision of such eye, and as to whether he was actually injured at the time complained of. These disputed issues were submitted to the jury and found in favor of defendant in error, and, as such findings are supported by the evidence, no contention is made on this appeal in respect to such issues.

The question before this court is, Did plaintiff in error contract for insurance, to cover the work defendant in error was engaged in at the time he was injured? This must be determined by the terms of the insurance contract and the law applicable thereto.

The court defined the term "employee," as used in the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.), to mean "every person in the service of another under any contract of hire, expressed or implied, oral or written, engaged in the construction, repair or maintenance of all

buildings, structures or equipment used by the Morton Salt Company in connection with its offices, yards, buildings, premises, or work places in their salt mine located one mile south of Grand Saline, or elsewhere in Texas."

This charge was duly excepted to, the gist of the exception being that it was not authorized by the statutory definition of the term "employee," in that it did not restrict the definition of an employee to the "usual course of the trade, business, profession or occupation of his employer," and that it was in effect a general charge given in a case submitted on special issues. Plaintiff in error requested a special charge, embracing the statutory definition of the Workmen's Compensation Act, as given in section 1 of article 8309. Defendant in error objected to the submission of all issues necessary for defendant in error's recovery, on the ground that the undisputed evidence showed that the usual course of the trade, business, profession, or occupation of the Morton Salt Company was the manufacture and sale of salt, and not the erection of a building, in which work defendant in error was employed. All of these exceptions to the court's charge and also a requested peremptory instruction in favor of plaintiff in error were overruled, and errors are duly assigned on such rulings of the court.

Defendant in error contends that, as the Morton Salt Company paid additional premiums for compensation insurance covering employees in the work of erecting a new building on its properties, within which to manufacture salt, the insurance was for the benefit of the employees engaged in erecting the building.

Item No. 3 of the schedule of the insurance contract describes the location of the business the Morton Salt Company was engaged in as being "one mile south of Grand Saline, or elsewhere in Texas," and said item also classifies the work of the employers as follows: "Salt mine rated as: 1164 Mining (N. O. C.) not coal—with shafts, tunnels or drifts—including all employees engaged in the construction, repair or maintenance of all buildings, structures or equipment, including the installation of machinery. Estimated premium #2382."

Item No. 5 of the schedule of the insurance contract states that the insurance contracted for is "concurrent with T. E. I. A. Policies 1118 & 10382."

This record discloses that the Morton Salt Company had extensive salt works within the town limits of Grand Saline, which it had operated for some years, and that the erection of the new building was on property it owned, a mile south of Grand Saline and was for the purpose of carrying out its intention to manufacture salt from a new mine it had opened at such place. The record, as above quoted, shows that the Morton Salt Company was carrying three concurrent policies of insurance with plaintiff in error, and the conclusion is inescapable that the instant policy was issued to cover insurance of all those employees that were engaged in the erection of such building, the employees who would install the machinery, as well as the employees who would be actually engaged in the production of salt from the new mine. There is no reason why compensation insurance could not be taken out to cover, in the same policy, the several classes of employees above named, and as the policy, by express terms, includes "all employees engaged in the construction, repair or maintenance of all buildings, structures or equipment, including the installation of machinery," it necessarily includes defendant in error, who was engaged in such construction. The definition of "employee" should be framed in view of the particular facts in evidence in respect to the work in which the employer was engaging, provided it does not do violence to the statutory definition of the term "employee." We are of the opinion that this definition was framed to meet the contingencies named in the insurance contract, and that it is authorized by the statutory definition of employee.

The same question here involved was decided adversely to plaintiff in error in the case of Commercial Standard Insurance Co. v. De Hart (Tex. Civ. App.) 47 S.W.(2d) 898; the conclusion is also sustained in principle by the opinion of the Commission of Appeals, in Southern Casualty Co. v. Morgan, 12 S. W.(2d) 200. We consider these decisions decisive of this question, and overrule all of plaintiff in error's assignments of error.

It necessarily follows that, in our opinion, the judgment of the lower court should be affirmed and it is so ordered.

Affirmed.