## NEW AMSTERDAM CASUALTY CO. v. HOSCH.
### No. 1648.

Court of Civil Appeals of Texas. Waco.
Dec. 20, 1934.

Rehearing Withdrawn on Agreed Motion
Jan. 17, 1935.

Conway & Scharff, of Waco, for appellant.

W. L. Eason and Sam Dardnne, both of Waco, for appellee.

GALLAGHER, Chief Justice.

This is a compensation case. The B. & D. Lumber Company, a corporation, was the employer, appellee, A. E. Hosch, the injured employee, and the appellant, New Amsterdam Casualty Company, the insurance carrier. Appellee, being dissatisfied with the final ruling and decision of the Industrial Accident Board upon his claim for compensation, instituted this suit to set the same aside. Appellant, at the close of the evidence, requested an instructed verdict in its favor, which the court refused. The case was submitted on special issues, and upon the answers of the jury thereto the court rendered judgment in favor of appellee for the lump sum of $3,653.80.

### Opinion.

Appellant presents assignments of error in which it complains of the action of the court in refusing its request for an instructed verdict, and in refusing to correct the definition of "employee" as used in the charge, so as to exclude from the application of said term one whose employment is not in the usual course of the trade, business, profession, or occupation of his employer. Appellee introduced in evidence a notice in the usual form given by the B. & D. Lumber Company to the Industrial Accident Board on February 20, 1933, stating that it had provided for payment of compensation to employees under the terms and provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.) by insuring with appellant, New Amsterdam Casualty Company, and that it was engaged in the business of "lumberyard," with three or more employees and an annual pay roll of $3,200. The policy issued by appellant to the lumber company was designated by number in said notice, but was not introduced in evidence. The testimony showed that the B. & D. Lumber Company was engaged in the retail lumber business on Webster street in the city of Waco, and had been so engaged since October, 1929. On or about August 1, 1933, said lumber company entered into a contract with Mrs. Silvers to erect for her an apartment house on North 15th street in said city. Immediately thereafter it began the execution of said contract. Appellee, a carpenter, was employed by the lumber company to work on said building. While so working, he received the injuries for which compensation was awarded him by the judgment of the court in this case. The testimony showed that the principal business of the B. & D. Lumber Company was operating a retail lumber yard, which business was the only one designated in the notice given by it to the Industrial Accident Board; that one Drake was a building contractor; that when he secured a contract for the erection of a building, he purchased material from the lumber company; that when, as in the contract with Mrs. Silvers, the lumber company itself contracted to erect a building, said Drake was

employed by it as construction foreman thereon. The testimony did not disclose to what extent the lumber company had engaged in the erection of buildings as an original contractor, but did show affirmatively that besides the Silvers building, it was the original contractor for the erection of one or two others, and that while it did a large business in furnishing material for the erection of buildings, in the majority of instances Drake was the actual contractor. The testimony further showed that appellee came to Waco in the early spring of 1932; that he worked as a carpenter from that time until his injury in August, 1933; that during that period he was employed only a part of the time; and that besides working for the lumber company and for Drake, he was also employed by others.

The court submitted issues inquiring whether appellee was, at the time he sustained his injuries, an employee of the B. & D. Lumber Company, and whether he was at such time engaged in the course of his employment with said company. Both of such issues were answered by the jury in the affirmative. The court in his charge defined "employee" as "any person in the service of another under any contract of hire, expressed or implied, oral or written, where the employer has the right to control or direct such person in the details of the work to be done." Appellant objected to such definition of the term "employee" on the ground that the same did not conform to the definition given by statute and did not limit such an employee "to that class of persons who are engaged in the usual course of trade of his employer." Appellant asserted in such objection, in substance, that the evidence showed that said lumber company was engaged in the business of selling lumber and material, and not engaged in the business of constructing buildings and houses, and that the evidence further showed that appellee received his injuries while engaged in the construction of a house, and that it therefore became a question of fact for the jury to determine whether or not such employment was in the usual course of the business of his employer.

The Workmen's Compensation Act excludes from the benefits thereof an employee of the insured employer who is at the time of injury engaged in a task "not in the usual course of trade, business, profession or occupation of his employer." R. S. art. 8309, § 1. Appellant bases its complaint of the refusal of its requested instruction on the contention that appellee was at the time of his injury so engaged. The rule has been definitely announced by our Supreme Court that employers of labor operating under the Workmen's Compensation Act cannot cover part of their employees and leave part of them uncovered, where such employees are engaged in the same general business or enterprise, and that a policy issued thereon will cover all employees in such business. The court in that connection, however, further held that where an employer conducts two separate and distinct kinds of business, each of which involves different risks, pay rolls, and premium rates, he may elect to insure his employees in one such business and not to insure them in the other. In such cases the terms of coverage used in the policy will control. Barron v. Standard Acc. Ins. Co., 122 Tex. 179, 181, 53 S.W.(2d) 769, 770, and authorities there cited; Employers' Indemnity Corporation v. Felter (Tex. Civ. App.) 264 S. W. 137, 141, par. 6 (reversed on other grounds [Tex. Com. App.] 277 S. W. 376); United States Fidelity & Guaranty Co. v. Bullard Gin & Mill Co. (Tex. Civ. App.) 245 S. W. 720, 721; Texas Employers Ins. Ass'n v. Rogers (Tex. Civ. App.) 70 S.W.(2d) 1007, par. 1; Barta v. Texas Reciprocal Ins. Ass'n (Tex. Civ. App.) 67 S.W.(2d) 433 (writ refused). When the extent of coverage provided by the policy is ascertained from its terms, whether the particular task in which the employee was engaged at the time he sustained an injury was within the usual course of the business or occupation of the employer so covered, is ordinarily a question of fact, and becomes a question of law only when the relevant testimony is uncontradicted and so conclusive that reasonable minds cannot differ as to its effect. Maryland Casualty Co. v. Williams (Tex. Civ. App.) 47 S.W.(2d) 858, 859, par. 1; Croswell v. Commercial Standard Ins. Co. (Tex. Civ. App.) 56 S.W.(2d) 918, 919, par. 1 (writ refused); Commercial Standard Ins. Co. v. De Hart (Tex. Civ. App.) 47 S.W.(2d) 898, pars. 1 and 2; Georgia Casualty Co. v. Gibson (Tex. Civ. App.) 11 S.W.(2d) 191, 193, par. 2. Since, in this case, the policy was not introduced in evidence, the specific provisions of coverage contained therein are not disclosed. Neither does the testimony show whether there is substantial difference between the hazards and pay rolls of a lumber yard and the premium required for a policy thereon, and the hazards and pay rolls of a building contractor and the premium required for a policy. The testimony on the issue is otherwise susceptible of more definite development.

The issue of whether appellee, at the time of his injuries, was engaged in a task

in the usual course of the business or occupation of the lumber company as designated in the policy sued on, and therefore within the limited definition of "employee" as used in the act, was not, as he apparently contends, foreclosed by the finding of the jury that he received such injuries in the course of his employment, as defined in subsequent subdivisions of section 1 of the article cited. It follows that the court erred in refusing to modify his definition of "employee" so as to make it conform to the statute hereinbefore referred to.

Should the undisputed testimony on another trial show with such certainty that reasonable minds could not differ with reference to its effect, that appellee was not, at the time he received his injury, engaged in a task within the usual course of the business or occupation of the B. & D. Lumber Company covered by the policy held by it, the court should instruct a verdict for appellant. Should the court, on another trial, submit such issue to the jury for determination, such submission will, of course, be in accord with the provisions of the statute and the rules of law announced in the authorities hereinbefore cited.

Appellant's other assignments of error complain of matters which will not necessarily arise in the same way, if at all, upon another trial. A discussion of the same may therefore be properly omitted.

The judgment of the trial court is reversed and the cause remanded.