**BUICE et al. v. SERVICE MUT. INS. CO.**

No. 1721.

Court of Civil Appeals of Texas. Waco.
Jan. 23, 1936.

Rehearing Denied Feb. 13, 1936.

W. L. Eason and Sam Dardnne, both of Waco, for appellants.

Weatherby, Rogers & Scott, of Waco, for appellee.

ALEXANDER, Justice.

This is a workman's compensation case. L. E. Buice was the employer, C. H. Buice the employee, and Service Mutual Insurance Company the alleged carrier. The insurance company brought suit to set aside the award of the Industrial Accident Board. Mrs. Eunice Buice, widow of the deceased employee, filed a cross-action to recover the compensation allowable under the statute. The trial court without a jury rendered judgment in favor of the insurance company. Mrs. Buice appealed.

L. E. Buice, the employer, was engaged in the gin business, and was also engaged in farming and in threshing grain for the public and in general repair work. The policy in question was issued by the insurance company for the minimum premium and undertook to cover employees at the cotton gin only, and contained the following classification:

"1(a) Cotton Gins—All employees engaged in the operation of gin, installation and repair of equipment, maintenance and repair of buildings, including office help, yardmen, seed and fuel haulers.

"The intent of the above wording is to include at one rate, clerical office and/or Drivers, and/or chauffeurs payroll as well as the payroll of every person employed in or about the gin, both during the ginning season and the dormant season."

The employee was killed as the result of an explosion of a gasoline container while he was doing some repair work with an acetylene welding torch. It is undisputed that at the time of his injury he was not working at the cotton gin nor doing repair work in connection therewith, but was working at a place four or five hundred yards from the cotton gin, and was engaged in repairing a binder or grain harvester that was to be used by his employer in cutting oats. The trial court found that the evidence did not establish that the employee was injured in an employment covered by the policy.

The appellants contend that the employer and the insurance company could not, by the terms of the policy, limit the class of employees that were to be protected thereby, and, since the injured employee was working in the course of his employment as an employee of the insured at the time of his injury, he was necessarily protected by the policy. We cannot subscribe to this doctrine. While it is settled that in this state an employer of labor operating under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.) cannot cover part of his employees and leave part of them uncovered, where such employees are engaged in the same general class of business, it is also well settled that an employer who conducts two separate and distinct kinds of business, each of which involved different risks, pay rolls, and premium rates, may elect to insure his employees in one such business and not insure his employees in another business. In the latter case the terms of the coverage used in the policy will control the liability. Barron v. Standard Acc. Ins. Co., 122 Tex. 179, 53 S.W.(2d) 769, and authorities there cited; United States Fidelity & Guaranty Co. v. Bullard Gin & Mill Co. (Tex.Civ.App.) 245 S.W. 720; Barta v. Texas Reciprocal Ins. Ass'n (Tex. Civ.App.) 67 S.W.(2d) 433; New Amsterdam Casualty Co. v. Hosch (Tex.Civ.App.) 78 S.W.(2d) 633, par. 1. In the case at

bar, the employer was engaged in several different and distinct lines of business. It may be true that the same employees at times worked in different capacities in the various lines of business conducted by the employer, but it is nevertheless true that the business of operating the cotton gin, the employees of which were covered by the policy, was different from that of threshing grain for the public, farming, or doing general repair work. The insured undertook to insure only those engaged in operating the cotton gin. The injured employee in this case was not engaged in that line of business at the time of his injury, and hence was not protected by the compensation policy in question.

█ Said policy contained the following provisions: "The premium is based upon the entire remuneration earned during the policy period, by all employees of this employer engaged in the business operations described in said declarations, together with all operations necessary, incident or appurtenant thereto, or connected therewith, whether conducted at such work places, or elsewhere, in connection therewith, or in relation thereto. * * * If any operations as above defined are undertaken by this employer, but are not described or rated in said declarations, this employer agrees to pay the premium thereon, at the time of the final adjustment of the premium, in accordance with Condition C hereof, at the rates, and in compliance with the rules of the manual of rates in use by the company, upon the date of the issue of this policy. * * *"

The appellants contend that the above provisions had the effect of enlarging the terms of the policy so as to include and cover the employees in all undertakings of the employer during the life of the policy. A similar provision was very carefully considered by the court in United States Fidelity & Guaranty Co. v. Bullard Gin & Mill Co. (Tex.Civ.App.) 245 S.W. 720, and the court there held contrary to the contentions here now made by appellants. We overrule this contention.

We have very carefully considered all of appellants' assignments of error, and find them without merit.

The judgment of the trial court is affirmed.