## SOUTHERN UNDERWRITERS v. PAYNE et al.

### No. 5197.

Court of Civil Appeals of Texas. Texarkana.

May 13, 1938.

Rehearing Denied May 19, 1938.

Battaile, Burr & Holliday, of Houston, for plaintiff in error.

Jones & Jones, of Marshall, for defendant in error.

JOHNSON, Chief Justice.

This suit was brought in the District Court of Rusk County by The Southern Underwriters to set aside an award of the Industrial Accident Board made on a claim of the defendant Mildred Bird for the death of her husband, Harvey Bird. After the suit was filed Mildred Bird married Fred Payne, which fact was duly alleged in her second original amended answer and cross-action making him a party to the suit. In the cross-action she alleged in substance that on or about March 14, 1935, her deceased husband was an employee of W. C. Tolleson and M. Cochran in Rusk County, Texas, in the capacity of pumper or station engineer, and that at said time and place he sustained injuries in the course of his employment which resulted in his death. That his employers carried a policy of workman's compensation insurance with The Southern Underwriters, on which policy she brought suit to recover compensation for his death. The cross-action contained all the necessary jurisdictional averments. Trial of the case to the court without a jury resulted in judgment awarding recovery to Mildred Payne upon her cross-action. The Southern Underwriters duly excepted and have by writ of error duly prosecuted their appeal to this court.

Appellant's assignments of error and propositions present the contentions that the particular character of business described in the testimony as being conducted by the subscribers, W. C. Tolleson and M. Cochran, was not the character of business described in the policy of workman's compensation insurance issued to them by appellant; and for that reason, it is contended, no liability accrued on account of the death of the employee, Harvey Bird.

No contention is made that the business operated by Tolleson and Cochran was of a kind excluded by the statute, Article 8306, Sec. 2, from the benefits of the Workmen's Compensation Law, or that the business operated by said subscribers come within any business operation excluded by the terms of the policy, or that said subscribers conducted more than one business, or that in issuing the policy appellant had been deceived as to the nature of the business, or that the premiums paid were based upon any payroll other than that of said Harvey Bird and his fellow employees, or that the business operated by said subscribers involved a different risk than the business claimed by appellant to have been described in the policy, or that Bird was not killed in the course of his employment, or that the policy sued on was not in full force and effect at the time of his death.

More fully explained, the contention made is to the effect that the business operated by said Tolleson and Cochran, as described in the testimony, does not come within nor is it incident to or connected

with any of the business operations described in the policy.

The character of business owned and operated by Tolleson and Cochran, as described in the testimony, is that of running a petroleum pick-up station or a gathering system in the oil field in Rusk County; that the central station was located on the M. A. Thrash lease in the Cardova League, and consisted of two electrically driven pumps and a pumphouse and a number of storage tanks, surrounded by an earthen dump or firewall; from which station or lease underground pipes, owned by Tolleson and Cochran, radiated to different parts of the oil field; by means of which the crude petroleum or raw product as produced from oil wells, owned by different producers, was "gathered" or "picked up" and pumped to said storage tanks of Tolleson and Cochran, and there treated, if necessary, for further transportation. Said storage tanks are also connected with pipe lines owned and operated by different refineries and pipe line companies engaged in transporting the raw product from the oil field to different refineries. At the direction of its owner the crude petroleum or raw product was by Tolleson and Cochran by means of pumps transferred from said storage tanks into said pipe lines for transportation to the refineries. On the particular night of the explosion or fire in which Harvey Bird was burned to death he was engaged in pumping oil owned by Tyreco Oil Company from said storage tanks and putting it into the pipe line of the Tyler Pipe Line Company, which oil was by said Tyler Pipe Line Company being transported to some destination not known to the operators of the pick-up station.

As covering the employees of Tolleson and Cochran, appellant issued its policy of workman's compensation insurance, the terms of which pertinent to the issue here involved, read:

"Classification of Operations:

"Code No. 7222 Truckmen—Oil field Equipment payroll to include D r i v e r, Chauffeurs and their helpers, stablemen, garagemen, blacksmiths, repairmen and riggers, excluding only Clerical Office.

"Code No. 1321 Oil or Gas producing— operation of leases—including incidental cementing and cleaning out of wells during operations; *including putting raw product into containers or pipe lines for transmission* and Drivers Chauffeurs and their helpers—excluding shooting of wells, the erection or dismantling of derricks topping operations and the manufacture of casing head gasoline. (Italics ours.)

"Code No. 4740 Oil Refining—Petroleum —excluding oil producing.

"Code No. 6202 Oil and Gas Wells Development including erection and dismantling of derricks, drilling of new wells and drilling of old wells deeper the installation of casing and of pumping machinery cementing and Drivers Chauffeurs and their helpers excluding the shooting of wells * * * if any."

"Item 5. This subscriber is conducting no other business operations at this or any other location not herein disclosed except as herein stated: No exceptions."

"VI. This agreement shall apply to such injuries so sustained by reason of this business operations described in said Declarations, which for the purpose of this Contract shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined, and described in said Declarations or elsewhere in connection with, or in relation to, such work place."

We think the language used in the policy above quoted is sufficient to cover the business which the testimony shows was being operated by Tolleson and Cochran. Code Classification No. 1321, "Oil or Gas producing—operation of leases— * * * including putting raw product into containers or pipe lines for transmission," specifically describes the particular work being performed by the employee Bird at the time he was killed.

Appellant cites the cases of Barta v. Texas Reciprocal Ins. Ass'n, Tex.Civ.App., 67 S.W.2d 433; Buice v. Service Mutual Ins. Co., Tex.Civ.App., 90 S.W.2d 342; Mulkey v. Traders & General Ins. Co., Tex. Civ.App., 93 S.W.2d 582. The facts in each of the cases cited show that the employer was operating two separate and distinct kinds of business and that he had elected to insure his employees in one such business and not to insure his employees in the other business. To such facts the following well-established rules of law were applied:

"While it is settled that in this state an employer of labor operating under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.) cannot cover part of his employees and leave part of them uncovered, where such employees are

**474**

engaged in the same general class of business, it is also well settled that an employer who conducts two separate and distinct kinds of business, each of which involve different risks, pay rolls, and premium rates, may elect to insure his employees in one such business and not insure his employees in another business. In the latter case the terms of the coverage used in the policy will control the liability." Buice v. Service Mut. Ins. Co., Tex.Civ.App., 90 S.W.2d 342, 343.

But the facts in the cited cases are not in point with or similar to the facts in the present case. The present case presents the sole question: Does the policy sufficiently describe the one and only character of business, operated by the subscribers? It is our opinion that the question should be answered in the affirmative.

The judgment of the trial court is affirmed.