## BOWMAN v. TRADERS & GENERAL INS. CO.

No. 9680.

Court of Civil Appeals of Texas. Austin.

Jan. 21, 1948.

Rehearing Denied Feb. 11, 1948.

Wm. E. Davenport and Thomas E. Davenport, both of San Angelo, for appellant.

Dan P. Johnston, of Dallas, and Turner & Seaberry and Virgil T. Seaberry, all of Eastland, for appellee.

McCLENDON, Chief Justice.

Workmen's Compensation case in which Bowman is the employee, Traders (Traders & General Insurance Company) the insurance carrier, and Guenther the insured employer. The appeal is by Bowman from an adverse judgment rendered upon a directed verdict.

The appeal involves the following two contentions of Traders, the correctness of either of which would require affirmance of the judgment:

1. The evidence viewed most strongly in favor of Bowman does not support a finding that he was an employee of Guenther, when injured; but conclusively shows that he

was then an employee of Daugherty, Sr., an independent contractor of Guenther.

2. Bowman was not included in the coverage of Traders' policy of insurance carriage.

The salient facts, disregarding conflicts in the evidence, are: Guenther was engaged in the general contracting business principally in San Angelo and surrounding towns. His policy with Traders gave the location of his factories, etc., as "San Angelo and elsewhere in Texas." The general character of his business was not stated in the policy other than under the heading, "Classification of Operation," which specified (giving the rates of premiums), "5403 —carpentry N.O.C." and "5474—Painting, Decorating or Paper Hanging N.O.C.—including shop operations; Drivers, Chauffeurs and their Helpers.—(Painting ship hulls, steel structures or bridges to be separately rated)." Item 4 provides: " * * * The foregoing estimates of remuneration are offered for the purpose of computing the advance premium. The Company shall be permitted to examine the books of this Employer at any time during the Policy Period and any extension thereof and within one year after its final termination so far as they relate to the remuneration earned by any employee of this Employer while the policy was in force." Item 5 states that, without exception "This employer is conducting no other business operations at this or any other location not herein disclosed." The specific operation involved here was under an oral contract between Guenther and Ragsdale, whereby the former undertook the remodeling of an old stone business building in San Angelo, under a "cost plus" arrangement by which Ragsdale was to pay Guenther the actual cost of all labor and material plus a stated sum for his services. Daugherty, Sr., was a plastering contractor, and had in his employ several plasterers, including Bowman, whom he paid on an hourly basis. He made a verbal contract with Guenther to furnish the labor and material for the plastering required on the job, likewise on a "cost plus" basis. The plasterers were paid by Daugherty, Sr., and were not on the pay roll of Guenther.

There were no plans or specifications for the remodeling job, these matters being "in the head" of Guenther. The plastering required was what was described as a "patch job", that is there was an uncertain amount of plastering to be done and "there could be no specifications or specific amount of plastering to be done." While there was conflict in the evidence, it was sufficient to support findings that: Daugherty, Sr., did not exercise any authority or control over the plasterers in the conduct of their work. Guenther, alone, directed them as to the specific portions of the building to be plastered or replastered, and the manner in which it was to be done. Various specific instances were detailed in which Guenther required the work to be done in a specific manner, and in some cases required work to be done over. He had authority to fire any plasterer from the job, whose work was in any way unsatisfactory to him. Guenther furnished the scaffolding upon which the plasterers worked, and Bowman received his injuries as a result of a fall from a scaffold. Guenther was not present at the time of this accident; but Bowman was then engaged in plastering which had been directed by Guenther.

In the recent case of DeMoss v. United States Fidelity & Guaranty Co., 207 S.W.2d 258, 260, error ref. n. r. e., we had occasion to reexamine the subject of the relation of employer and employee under the Workmen's Compensation Statutes, Vernon's Ann.Civ.St. art. 8306 et seq. as affected by the doctrine of independent contractor. As there pointed out the relation turns upon whether the person employed to do the work is to be free from the control of the employer as respects the manner in which the details of the work are to be executed. "The difficulty in applying this definition is in ascertaining what are the details of the work, the control of the manner of whose execution is determinative of the relation between the workman and the recipient of the work." We refer to that opinion for the discussion of the subject and citation and analysis of some of the authorities. In the opinion we said: "We do not find that the decision in the Owen case (Tex.Em.Ins.Co. v. Owen, Tex.Com.

App., 298 S.W. 542) has ever been questioned by the Supreme Court." It should also have been noted that in Judge Smedley's adopted opinion in Southern Underwriters v. Samanie, 137 Tex. 531, 155 S.W.2d 359, the decision in the Owen case was expressly approved and followed. The factual situations in the Owen and Samanie cases with reference to the employer's right of control of details of the work bear a close analogy to that at bar. A perhaps even closer analogy is presented in Blankenship v. Royal I. Co., 128 Tex. 26, 95 S.W.2d 366 (adopted opinion by Judge German, who also wrote the opinion in Smith Bros. v. O'Bryan, 127 Tex. 439, 94 S.W.2d 145, discussed in the DeMoss case).

■ We hold the evidence sufficient to take the case to the jury on whether Bowman was an employee of Guenther.

Upon Travelers' second contention: We think Bowman came clearly within the coverage of the policy.

■ In the per curiam opinion upon overruling a motion for rehearing of a refused application for writ of error in Barron v. Standard A. I. Co., 122 Tex. 179, 53 S.W.2d 769, 770, the Supreme Court said: "The rule is well established that employers of labor operating under the Workmen's Compensation Act cannot cover part of their employees and leave part of them uncovered, where such employees are engaged in the general business or enterprise, and a policy issued thereon will cover all employees in such business." Guenther was engaged in the general contracting business. The policy expressly covered his business in "San Angelo and elsewhere in Texas." He conducted no other business than that covered by the policy. The job in question was one which required labor of different classifications performed at the same time and place by different laborers. The remodeling of an old stone building would ordinarily require plastering, as well as "carpentering, painting, decorating or paper hanging." Plastering might well be included in the general term "Decorating." But whether it could be so included within the policy classification is not material. Patch plastering on a remodeling job is so closely related to painting, decorating and paper hanging, that, where the amount is comparatively small, it might be done by the same laborers, absent prohibitory trade regulations. Certainly a painter, paper hanger or other "decorator" expressly protected by the policy would not lose such protection if injured while patch plastering as an incident to his other work. Be that as it may, under well established rule as above enunciated in the Barron case, the policy must cover employees in the same business, working on the same job at the same time and place. We hold that Bowman was within the coverage of the policy.

None of the cases cited by Traders militates against this holding. All but one fall within the following rule announced in the above per curiam opinion in the Barron case: "Likewise, it is equally well settled that, where an employer conducts two separate and distinct kinds of business, each business involving different risks, pay rolls, and requiring a different premium for compensation insurance, may elect to insure a class of employees in one business and not to insure a class of employees in the other business. Therefore a policy issued to cover a class of employees in one business, as was done here, which expressly excludes the class of employees in a different and distinct business, will not be construed to cover employees in both businesses, and a recovery cannot be had under the policy by an employee not covered by the policy. Nothing in the Workmen's Compensation Act prohibits this construction."

The cases cited by Traders falling within this rule are: U. S. F. & G. v. Bullard, Tex.Civ.App., 245 S.W. 720; American Employers' I. v. Hookfin, Tex.Civ.App., 33 S.W.2d 801, error ref.; Barta v. Tex. Reciprocal Ins., Tex.Civ.App., 67 S.W.2d 433, error ref.; Buice v. Service Mut. Ins., Tex.Civ.App., 90 S.W.2d 342, error ref.; Mulkey v. Traders, Tex.Civ.App., 93 S.W.2d 582.

In Gaines v. Traders, Tex.Civ.App., 99 S.W.2d 984, error dis., the other cited case, a policy covering a wholesale meat, fish and poultry business conducted at a stated place was held not to include a

"carpenter hired on per diem basis by wholesale meat dealer in construction of cold storage rooms in new building."

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.