**VAUGHT et al. v. TEXAS EMPLOYERS'
INS. ASS'N.**

No. 6251.

Court of Civil Appeals of Texas. Amarillo.
Jan. 19, 1953.

Rehearing Denied Feb. 23, 1953.

Gano & Gano, Fort Worth, for appellants.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellee.

PITTS, Chief Justice.

This is a compensation action seeking death benefits in the sum of $25 per week for a period of 360 weeks from and after June 1, 1950, payable in a lump sum, because of the accidental death of Harrison M. Vaught while he was regularly employed by Perkins-Prothro Company with compensation insurance coverage furnished by appellee, Texas Employers' Insurance Association. The suit was filed by the surviving widow of the deceased, Mrs. Alice Vaught, and their three daughters, one of whom is a minor while the other two are married and are here joined by their respective husbands, as the only legal beneficiaries of the deceased, after their claim for compensation had been denied on April 11, 1951, by the State Industrial Accident Board. The case was tried to the court without a jury and

judgment was rendered denying any recovery from which judgment Mrs. Alice Vaught and the other appellants perfected their appeal.

For more than ten years prior to his death on June 3, 1950, the deceased Vaught had been continuously employed by Perkins-Prothro Company, a partnership composed of J. J. Perkins and Charles N. Prothro, hereafter referred to as employers. For several years after his said employment began, the nature of the work of deceased was directing the operation of oil developments and supervising oil properties belonging to employers located wholly in Hutchinson County, Texas, in the Borger area. But, beginning sometime during the year of 1947, the duties of the deceased were divided by mutual agreement with employers into two separate and distinct jobs, requiring him to spend two-thirds of his time supervising oil properties in Texas for his employers and one-third of his time supervising and directing the operation of a ranch owned by his employers and located in Cimarron County, Oklahoma, approximately 25 miles south and slightly east of Boise City, Oklahoma, and lying wholly in the State of Oklahoma. The ranching operations in Oklahoma were conducted by employers entirely separate from the oil operations in Texas. For such services rendered two-thirds of the salary of the deceased was paid for directing and supervising oil properties for his employers in Texas and one-third of his salary was paid for directing and supervising the ranch for his employers in Oklahoma. While discharging his duties at the ranch in Oklahoma deceased Vaught resided with his family at or near Borger, Texas, visited the ranch across the State line in Oklahoma as often as his duties required and remained at the ranch on each visit so long as his services there may be needed. He received general instructions from his employers but he came and went in the performance of his labors at his own discretion, and he often participated in some of the ranch work and responsibilities. Such duties were continuous until his death. On May 31, 1950, the deceased Vaught went to the ranch for the purpose of directing and supervising the branding of the calves,

as was his custom at that season each year. He spent that night on the ranch where he usually stayed when there and the following day the calves were branded. Late that afternoon on June 1, 1950, while he was in the home of the ranch foreman on the ranch, the foreman's wife asked him to light the hot water heater in their home which light had gone out and presumably gas had accumulated. He undertook to relight the said heater when an explosion occurred which resulted in serious injuries to him from which he died two days later in a hospital at Dalhart, Texas, where he had been taken immediately after his injuries.

Appellee had issued a Texas compensation policy covering the employees of Perkins-Prothro Company who worked on the said company's oil properties in Texas, while the Employers Casualty Company had issued a compensation policy to the said employers under the laws of the State of Oklahoma covering the employees who operated the company's ranch properties in Oklahoma. Premiums collected by appellee on the salary of the deceased were computed only on that part of his salary allocated and paid to him by his employers for the Texas oil operations and the premiums computed on that part of his salary allocated for his ranch work in Oklahoma were paid to Employers Casualty Company. The policy of the latter company confined its coverage to the farm and ranch operations of employers in the State of Oklahoma and in compliance with the laws of that State. Apparently some of the officers composing appellee's insurance company were likewise officers of the Employers Casualty Company. But, even so, we do not consider such facts material in making disposition of the issues here presented. The evidence reveals that the two companies maintained themselves as separate and distinct entities. The evidence reveals that all of the hospital and doctor bills incurred in connection with Vaught's injuries were paid by one of these insurance companies and cancelled drafts introduced showed that such bills were paid by Employers Casualty Company. In no way has appellee admitted liability directly or indirectly. Appellants assert that the compensation laws of the State of Oklahoma do not provide for death benefits and that they do not have and could not have a compensation claim under the policy issued by the Employers Casualty Company. While it is admitted that the fatal injuries upon which this suit is predicated occurred on the ranch belonging to employers in the State of Oklahoma, this suit is based entirely upon the Texas policy issued by appellee and the same is being prosecuted under the provisions of the Texas compensation laws. Appellants contend that the deceased sustained compensable injuries that resulted in death while he was engaged in the course of his employment with the assured of appellee, and that appellee is liable therefor on the policy issued because of its terms and also because of an oral agreement made between appellee and the assured and under the doctrine of estoppel and waiver and for the further reason that the joint operation of the two insurance associations were conducted in a manner so as to permit appellee to attempt to issue all character of insurance coverage to its assured customers. In effect, appellants contend that, if the employment of deceased was not covered by the expressed terms of appellee's policy at the time of his fatal injuries, he was covered by reason of an oral contract of insurance between appellee's agent and the assured, supplementary and in addition to the terms of appellee's policy duly issued, which was in full force and effect at the time of the fatal injuries. By reason of these contentions made appellants claim the controlling issues to be determined are whether or not the deceased was covered under the Texas compensation law and whether or not the extraterritorial provisions of the Texas compensation law are applicable.

Findings of fact and conclusions of law were neither filed nor requested in so far as the record reflects. Therefore we must assume that every alleged fact necessary to support the trial court's judgment was found by it upon sufficient evidence reflected by the record, unless the contrary is clearly shown in the presentation. Spolane v. Coy, Tex. Civ. App., 153

S.W.2d 672, and other authorities there cited. It is also the rule that the trial court's judgment should be upheld by us if it can be sustained upon any reasonable theory supported by the facts and the law applicable thereto. City of West University Place v. Ellis, 134 Tex. 222, 134 S.W. 2d 1038.

The evidence conclusively shows that the deceased Vaught prior to his death was employed in two wholly separate and distinct capacities by the same employers, one of them being an oil field employment confined altogether to the State of Texas where his employment was covered by appellee's Texas policy, and the other being a ranch employment, confined altogether to the State of Oklahoma, where his employment was covered by an Oklahoma policy issued by the Employers Casualty Company. His duties with reference to the separate and distinct capacities were wholly separate and neither were related in any way or even similar to the other. His contract of employment for ranch work was made in Texas some three years before his death but his assignment for such work was exclusively in Oklahoma from the beginning. He began his ranch work immediately after he was employed for such duties and devoted only a part of his time to ranch work but all of it was consistently done in the State of Oklahoma and at no time did he engage in ranch work in Texas. He had been engaged in ranch work in Oklahoma for his employers for a period of approximately three years when he died as a result of the injuries received while he was so engaged in that State.

In the case of Southern Underwriters v. Gallagher, 135 Tex. 41, 136 S.W.2d 590, in construing the law governing a question such as is here presented, the court held that before an employee injured outside of the territorial limits of this State can recover for such injury under our compensation statute, he must prove that, at the time of such injury, he occupied the status of a Texas employee incidentally or temporarily sent out of the State to perform labor or services. The Gallagher case was cited with approval by the Supreme Court in the late case of Hale v. Texas Employers' Ins. Ass'n, 239 S.W.2d 608. Under the facts presented here and the authorities cited it is our opinion that the trial court was justified in finding and concluding that the deceased Vaught was an Oklahoma employee and did not occupy the status of a Texas ranch employee at any time and particularly at the time his injuries were received that resulted in his death and that his legal beneficiaries are not therefore entitled to invoke the Texas compensation statutes for recovery.

The statute governing such matters makes two further conditional provisions concerning compensable recoveries. One is that such injury shall have occurred within one year from the day such injured employee leaves this State, and the other prohibits recovery in this State in the event recovery is being sought in the State where the injury occurred. The record before us reveals that no compensable recovery is being sought by appellants in the State of Oklahoma, thus eliminating the latter provision. Although the deceased Vaught resided with his family at Borger, Texas, only a few hours drive in a motor vehicle from the ranch located across the State line in Oklahoma, and although he commuted back and forth to discharge his ranch duties, we do not believe it can be seriously contended that the other provisional clause is applicable to the factual situation here presented.

The law in question being Section 19 of Article 8306, Vernon's Annotated Civil Statutes, makes provisions for recovery under Texas compensation laws for injuries received outside of the State under certain existing conditions and circumstances, which are not here tenable according to our understanding of the construction given the said statute by the court in the Gallagher case just previously herein cited. The said Section of the said Article likewise contains the two conditional provisions previously herein referred to, the first one being given in the following language, after first setting forth conditional provisions that may be compensable under Texas compensation laws

for injuries received outside of the State: "Providing that such injury shall have occurred within one year from the date such injured employee *leaves this State*". (Emphasis ours.) In the case at bar the record reflects that the deceased Vaught actually resided with his family close enough to the Texas-Oklahoma State line to commute back and forth into Oklahoma to discharge his ranch duties in that State and that he did just that by spending the night occasionally on the ranch when duty demanded it. As previously stated the record further reflects that on the occasion of his fatal injuries he went from his home to the ranch on the preceding day, although he had actually been consistently doing the ranch work under his contract of employment for approximately three consecutive years prior to his injury. Therefore under the facts here presented, it would seem to us to be a strained construction to contend that the deceased Vaught received his fatal injuries only one day after he left the State of Texas within the meaning of the statute in question. While the deceased literally left home in Texas one day before his fatal injury occurred on the ranch in Oklahoma, yet it would seem more reasonable to us in construing the language used in the provision cited and the intention of the Legislature as meaning that an employee who, occupying initially the status of a Texas employee, had been sent out of the State to work should lose his right to collect compensation benefits under the Texas statute if he suffered an injury in the other State at a time when his employment in the other State had been continuous there for more than one year. If such construction is given the language there used, the provisional clause could not apply to the factual situation presented here in any event, but it would not apply in this action at any rate since the deceased Vaught did not "occupy the status of a Texas employee incidentally or temporarily sent out of the State to perform labor or services" at the time he received the fatal injury. We think the trial court was warranted under this record in concluding that Vaught must be regarded as having left this State, with respect to

his ranch employment, more than a year before his death.

The evidence conclusively reveals that Vaught's death resulted from injuries received while he was employed in ranch work and his death was not therefore compensable under the Texas compensation statute or under the terms of appellee's policy. Holmes v. Travelers Ins. Co., Tex.Civ.App., 148 S.W.2d 270, writ refused, and other authorities there cited.

■■ The terms of the policy sued on do not only exclude farm and ranch labor coverage, but they actually cover only the following operations and that only in Texas:

"1321-Oil or Gas Producing-operation of leases-including Drivers, Chauffeurs and their Helpers. (Erecting or dismantling of derricks; cleaning or swabbing of old wells; drilling; redrilling or well workover; installation or recovery of casing; well shooting; topping operations or gasoline recovery to be separately rated)."

The trial court was therefore warranted by the evidence in concluding that the policy sued on confined appellee's liability to any injury sustained by Vaught during his employment in the Texas oil field and that no recovery could be had thereon from his death resulting from an injury sustained as a ranch employee in the State of Oklahoma. In addition to the Holmes case just previously cited, we likewise cite the cases of Barron v. Standard Acc. Ins. Co., 122 Tex. 179, 53 S.W.2d 769, and Barta v. Texas Reciprocal Ins. Ass'n, Tex.Civ.App., 67 S.W.2d 433, writ refused. These authorities hold that a compensation policy issued to cover employees in one business, expressly excluding employees in another business, did not cover employees engaged in both businesses.

■ The burden rested upon appellants to establish the existence of an alleged parol contract between appellee and the assured enlarging appellee's liability beyond the terms expressed in the policy. Under the evidence heard, the trial court was justified in finding that appellants failed to discharge the burden of proof upon the issue of parole contract pleaded by

450

them. There was no direct evidence that such a parole contract existed. There is no evidence tending to show that the minds of the parties involved had met as to the essential elements of such a contract. Charles N. Prothro, one of the assured, testified that he advised Mr. Gillespi, appellee's insurance agent, that he wanted complete coverage for all of his employees and he assumed that such was furnished but that he (Prothro) did not handle his company's insurance; that such was handled by W. J. Thompson, who, according to the record, was not called as a witness. Prothro further testified in answer to a question propounded asking him if he and his partner, Perkins, were relying upon the assurance of the agents of the insurance companies that all of their employees were covered by compensation insurance by saying:

"By large, I would say that we were. It is just like any other insurance that you buy. You tell the agent what kind you want and what you want covered then you rely on the agent to see that you get that kind of policy. In this particular instance, however, I think we, ourselves, had checked our policies several times to be sure that our ranch employees had the type of insurance that we wanted to cover them."

Such was the strongest evidence heard on the question of parole contract and it would appear from Prothro's testimony that an examination of the policies by the assureds themselves several times revealed that they had the kind of coverage they had asked for and wanted.

Under the record here presented we also think the trial court was justified in concluding that the doctrine of estoppel and waiver cannot be relied upon to enlarge the obligation of appellee's insurance policy, so as to create an obligation contrary to the terms of the policy itself. The terms of the policy itself covered only oil field labor in Texas and excluded ranch labor coverage in any event. Under the evidence presented it is our opinion that these features could not be supplied by the law of estoppel or waiver. Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854; Southland Life Ins. Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660; Southern Surety Co. v. Inabnit, 119 Tex. 67, 24 S.W.2d 375.

We have carefully examined the record and the briefs of the parties. It is our conclusion that the issues should be determined as herein stated and supported, we think, by the authorities cited. It is also our opinion that the authorities cited and relied on by appellants are distinguishable from the authorities herein cited by us. For the reasons stated all of appellants' points of error are overruled and the judgment of the trial court is affirmed.