William **JONES**, Jr., Appellant,

v.

**PACIFIC INDEMNITY COMPANY,**
Appellee.

No. 15958.

Court of Civil Appeals of Texas.

Fort Worth.

March 13, 1959.

Rehearing Denied April 10, 1959.

Yarborough, Yarborough & Johnson, and Donald V. Yarborough, Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, and Fred H. Benners, Dallas, for appellee.

MASSEY, Chief Justice.

From a judgment dismissing a suit for workmen's compensation insurance benefits on the ground that the Insurance Company did not have a policy in effect which covered the injured workman, the latter appealed.

Judgment reversed and cause remanded for trial.

We note that from June 14, 1927, to and inclusive of the present time, an outright refusal of a writ of error meant not only that the judgment of the Court of Civil Appeals was correct, but further that the principles of law declared in the opinion were correctly determined. See chart in Texas Bar Journal of December, 1949. We therefore, not only refer to the opinion of the Supreme Court in the case of Barron v. Standard. Accident Ins. Co., 1932, 122 Tex. 179, 53 S.W.2d 769, but also consider the opinion of the Court of Civil Appeals in Standard Accident Ins. Co. v. Barron, Tex.Civ.App. San Antonio 1932, 47 S.W.2d 380, and the principles of law therein declared and determined, for the reason that the Supreme Court, in writing upon a motion for rehearing on the petition for writ of error, did so in substantiation of an outright denial thereof.

We also note the Supreme Court's citation of a leading case from Massachusetts, the State whose Workmen's Compensation Act was substantially patterned when that of Texas was enacted. In re Cox, 1916, 225 Mass. 220, 114 N.E. 281.

■ It seems well settled that employers of labor operating under the Workmen's Compensation Act cannot cover part of their employees and leave part of them un-covered *where such employees are engaged in the same general business or enterprise, and a policy issued thereon will cover all employees in such business.*

■ In the instant case, the Company concedes the correctness of the foregoing principle of law, but contends that the injured employee, though a servant of the Classified Parking System, Inc., was not an employee of "Classified Parking System, Inc. dba Shamrock-Hilton Garage and/or Adolphus Hotel Garage and/or Baptist Garage" as identified as the insured in the Company's policy of workmen's compensation insurance.

The Classified Parking System, Inc., owns some properties from which it conducts automobile parking lot operations. It leases some properties from which it conducts like operations. In the conduct of its business from these lots, it operates completely free and independent of any restriction, as by contract with any third person, affecting its method of doing business with the public or affecting its employment policies. However, in the case of the Shamrock-Hilton Garage in Houston, Texas, and in the cases of the Adolphus Hotel Garage and the Baptist Garage in Dallas, Texas, it operates as an independent contractor under contracts which provide (in each instance) that it shall carry workmen's compensation insurance upon the employees it uses in conducting the parking operations upon said premises. As to the operations on these premises, Classified assumed full and complete responsibility for same as an independent contractor, providing its own employees who were to be subject to its direction and control. Provisions of the several contracts incident to the operations from said premises imposed duties on the employer to employ a sufficient number of employees to properly operate its business therefrom, and they were to be efficient, skilled, courteous and prudent. They were in some instances to wear uniforms of a design and type to be approved by the premises' owner/operators. There

584

was provision that upon request from an owner/operator, the employer would remove and replace an employee who was deemed unsatisfactory. There were other covenants pertinent to other phases of the operations contemplated, but in substance the foregoing sets out the covenants applicable to the employees hired and used in the operations at the premises which were the subject of contract.

The Classified Parking System, Inc., controlled such operations from the same central office where its general operations were conducted, and the profits received from its operations at the three locations aforementioned were lumped with the profits received from its other parking lot operations.

The only real distinction to be made between an employee working at one of the three premises and another employee working at any other location from which the same employer conducted its business was that conditions of the contracts under which the employer obtained the privilege of doing business thereat required it to provide workmen's compensation insurance to cover employees working on said premises.

We do not consider this to constitute a distinction which would alter the rule of law established in Barron v. Standard Accident Ins. Co., and Standard Accident Ins. Co. v. Barron, supra. Here, there was no different set of operations where one policy covered one set and another policy (possibly in a different company) covered the other; here, there were not two separate and distinct kinds of businesses, each involving different risks or requiring different premium rates for compensation insurance. Contrarily, we here have the fact that for the same classification of employees, in the same business operations involving the same risks and for which there would be no distinction to be made in insurance premiums, the Company and the employer attempted to enter

into a contract of workmen's compensation insurance which would cover a part of the employer's employees while excluding like coverage for others. The reason for this was the fact that third parties with whom the employer desired to contract made it a condition of entry thereunto that the employer agree to procure coverage for its servants who were hired to work on certain premises. There is no intimation that the Classified Parking System, Inc., was coerced or compelled to enter into such contracts, and we assume that it did so in complete freedom and as a matter of choice on its part.

The same thing is true as to the policy contract between the Company and Classified. We will assume that each party exercised its respective right of freedom of contract. Though they attempted by provisions written into the policy of insurance to restrict the scope of its coverage to the employees who worked at the premises aforementioned, the Act rather than the insurance policy provisions fixes the scope of the insurance so far as the rights of the employee are affected. The rights of the employee cannot be narrowed by contract between his employer and the insurer.

The injured employee in this case was injured while working for Classified Parking System, Inc., at a location other than the premises discussed above. No policy had been written which purported to confer workmen's compensation benefits upon him, if and in the event of his injury. If he is to be afforded such protection, it is by reason of that which purported to exclude him. From what we have said it follows that he was not excluded, but became covered by reason of the operation of the provisions of the Act.

Judgment is reversed and the cause remanded for trial.