PACIFIC INDEMNITY COMPANY V. WILLIAM JONES, JR.

No. A-7332. Decided July 29, 1959.
Rehearing Overruled October 7, 1959.
(327 S.W. 2d Series 441)

*Jackson, Walker, Winstead, Cantwell* and *Miller, W. B. Patterson, Fred H. Benners,* all of Dallas, for petitioner.

*Yarborough, Yarborough & Johnson* and *Donald V. Yarborough,* of Dallas, for Respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a suit filed by Jones against Pacific for the recovery of workmen's compensation benefits. Jones alleged that on August 21, 1957, and while in the course of his employment by Classified Parking System, Inc., (hereinafter referred to as Classified) he sustained compensable injuries. Jones also alleged that Pacific delivered to Classified, prior to August 21, 1957, a policy of workmen's compensation insurance covering personal injuries sustained by employees of Classified, and that such policy was in effect on August 21, 1957.

The answer and plea in abatement filed by Pacific alleged that it did not have a workmen's compensation policy of insurance issued to Classified on August 21, 1957, covering Classified employees working at Station No. 71, the parking station where Jones was employed.

The trial court after hearing the evidence introduced at the hearing on the plea in abatement granted Pacific's motion to dismiss. The only point presented by Jones, as appellant in the Court of Civil Appeals, was that "The trial court erred in sustaining defendant's plea in abatement and dismissing the case because the evidence heard on said plea in abatement establishd as a matter of law that at the time of his injury appellant was covered by a policy of workmen's compensation insurance issued by appellee to Classified Parking System, Inc." That court sustained the point and reversed and remanded the cause for trial. 322 S.W. 2d 582.

The evidence shows that for some years prior to August 21, 1957 Classified had been engaged in the business of operating parking stations in the City of Dallas, where it had 68 parking stations or garages. It owned and operated 66 of these stations, and the other two were operated under contract. One of the latter was a parking garage owned by the First Baptist Church of Dallas, Texas, and the contract with the church is dated October 1, 1954. The other was owned by the Dallas Hotel Company (Adolphus Hotel), and the contract is dated January 12, 1956. The contracts required Classified to provide workmen's compensation insurance covering employees at the respective . garages. Classified was a subscriber under the Workmen's Compensation Act at all pertinent times until March 31, 1957. On this latter date, Classified notified all employees of the Classified Parking System, except those employed at the church and hotel garages, that effective April 1, 1957, it would not be a subscriber and had elected to become a nonsubscriber to the Texas Workmen's Compensation Law. On April 1, 1957 Pacific issued its policy to Classified Parking System, Inc., DBA Baptist Garage, and/or Adolphus Hotel Garage, and/or Shamrock-Hilton Garage. Jones asserts coverage under this policy. Admittedly, employees at parking station No. 71, his place of employment at the time of the accident, were not expressly covered. The only policy issued by Pacific expressly limited coverage to employees of the two hotel garages and the Baptist Garage.

Other than the policy of insurance, a copy of the letter notifying employees at the 66 stations of Classified's election not

to continue as a subscriber and the contracts between Classified on the one hand and the church and hotel on the other, the only evidence offered on the plea in abatement was the testimony of the vice president and secretary of Classified. He testified that Classified is a corporation; that none of its operations is conducted through a subsidiary; that its general business is that of operating parking lots and garages; that it filed only one income tax return for the year 1957 and the return included the income from all of the parking lots it operated; that the principal work of its employees at all of the lots and garages it operates is the parking of cars; that the employees at the church and hotel garages do the same type of work as Jones did at Station No. 71 and their duties are similar, but that neither Jones nor the wages paid him were listed on the payroll reported to Pacific on which premiums were computed.

For purposes of this opinion we may assume, without deciding, that the legal effect of the contracts was to constitute Classified an independent contractor in the operation of the hotel and church parking garages, and thus, as to the employees of such garages, to constitute Classified an employer within the definition of Article 8309, Sec. 1. Classified was also an employer of the employees of the 66 parking stations it operated as owner. This brings us to the basic question in the case: whether, under the evidence, the workmen's compensation coverage provided by the contract between Classified and Pacific expressly covering only the employees of the hotel and church parking garages will be extended, in law, to cover the employees of Classified's other 66 parking stations. The question is not free from difficulty.

1  It is settled by the opinion of this Court in Barron v. Standard Acc. Ins. Co., 122 Texas 179, 53 S.W. 2d 769, 770, that "employers of labor operating under the Workmen's Compensation Act cannot cover part of their employees and leave part of them uncovered where such employees are engaged in the same general businss or enterprise, and a policy issued thereon will cover all employees in such business." The court in the same case made the business status of the employer determinative of the status of employees in the following language:

"* * * where an employer conducts two separate and distinctive kinds of business, each business involving different risks, pay rolls, and requiring a different premium for compensation insurance, he may elect to insure a class of employees in

one business and not to insure a class of employees in the other business."

It is on the language from the opinion in the Barron case that Jones principally rests his contention that the trial court erred in sustaining the plea in abatement. He particularly emphasizes that the business of operating the church and hotel parking garages was not a separate and distinct *kind* of business from the business of operating the other 66 parking stations. In the Barron case it was held that a policy covering an employer's employees in a stone cutting and polishing plant in Harris County would not be extended in law to cover the same employer's employees in a stone quarry in Kinney County.

A number of other decisions are harmonious with the Barron decision. In United States F. & G. Co. v. Bullard Gin & Mill Co., Texas Civ. App., 245 S.W. 720, no writ history, an insurer sought a recovery of additional premiums on the ground that its policy covering the employer's "cotton ginning and pressing" business also covered the same employer's box factory located some 150 yards from the gin. Recovery was denied. In Barta v. Texas Reciprocal Ins. Co., Texas Civ. App., 67 S.W. 2d 433, writ refused, it was held that compensation benefits could not be recovered from an insurer of an employer's gin employees for the death of the employer's employee working at a corn sheller on the same premises. In Buice v. Service Mutual Ins. Co., Texas Civ. App., 90 S.W. 2d 342, writ refused, the employer was engaged in the gin business, as a farmer, in threshing grain for the public and in general repair work. Compensation benefits were sought for the death of an employee while engaged in repairing the employer's binder located some four or five hundred yards from the employer's gin. The insurer's policy covered only employees engaged in the gin operation. Recovery was denied. There can be no doubt that those cases were correctly decided under the rule of the Barron case, and in the two (Barta and Buice) decided after 1927 we refused writ of error thereby making them as authoritative as our own decisions.

By refusing writ of error in Merrick v. Street, Texas Civ. App., 91 S.W. 2d 851, decided in 1936, we also adopted that opinion of the Court of Civil Appeals as our own. In that case suit was by Street against Merrick and he sought to deprive Merrick of his common law defenses by alleging that he was an employee of Merrick and that Merrick had more than three employees but was not a subscriber under the Workmen's Compensation Act. A judgment for the plaintiff was reversed and the cause re-

manded for retrial because of a fatal variance between the pleading and the proof, but in concluding the opinion the court said:

"We are further of the opinion that in order to show that an employer has three or more employees working for him, thereby bringing him under the provisions of the Workmen's Compensation Law, *it is necessary to make proof that such employees are engaged in and about the same enterprise.* This seems to us to be the spirit of the law, and we do not believe that it can be shown that the employer has one man working for him in one kind of business, two working for him in a totally different kind of business, and two others working for him in another and separate kind of business, in order to bring him within the terms of the Workmen's Compensation Law, but that *the law was intended to protect employees who are engaged in the same business enterprise.*"[1]

**2** Full consideration of the question and of the many factors involved convince us that for the law to extend coverage, expressly limited by the terms of the policy of insurance, to other employees of the same employer, such employees must not only be engaged in the same *kind* of employment as those expressly covered but must also be employed in the same business enterprise. Our conclusion in this respect does no violence to the actual holding in the Barron case, although perhaps departing slightly from some of the precise language in the opinion, and it is more harmonious with the strictly elective character of our Workmen's Compensation Act. Middleton v. Texas Power & Light Co., 108 Texas 96, 185 S.W. 556, affirmed 249 U.S. 152, 39 S. Ct. 227, 63 L. Ed. 527; Hartford Acc. & Ind. Co. v. Christensen, 149 Texas 79, 228 S.W. 2d 135.

In the instant case Classified was engaged in separate business enterprises in the City of Dallas. In one business enterprise it was the owner of the business with complete freedom to operate it as it saw fit, including freedom to elect to be a subscriber under the Workmen's Compensation Act or not to be a subscriber. In the other business enterprise it was not the owner but only an operating manager of a business owned by others. Its operation of that business enterprise was circumscribed in many ways by contractual obligations, including contractual requirements that it provide workmen's compensation insurance for protection of the employees of that enterprise. It would do violence to the elective character of our Workmen's

1.—Emphasis ours.

Compensation Act to hold that being required by contract to provide coverage for the employees of that enterprise the law will extend the coverage to the employes of a different business enterprise.

There is nothing in the cases cited by respondent to repel the conclusion we have reached. In Southern Underwriters v. Payne, Texas Civ. App., 118 S.W. 2d 472, writ refused, the court expressly pointed out that it was not contended that the employer was conducting more than one business. The only question was whether the deceased was doing the type of work covered by the policy. The same is true of Southern Underwriters v. Green, Texas Civ. App., 132 S.W. 2d 447, writ dism., correct judgment. In Texas Emp. Ins. Ass'n v. Stanton, Texas Civ. App., 140 S.W. 2d 337, writ refused, the employer was a highway construction contractor. It had purchased a policy from Texas Employers' Insurance Association covering its employees in "Dallas or elsewhere in Texas" and a concurrent policy from Casualty Underwriters covering its employees in "Dickens County, Texas, F.A.P. 687-A No. 24, Specific, and elsewhere in Texas." Stanton was injured while working on a project in Dickens County. Based on stipulations and evidence introduced, a trial court judgment that the employee was covered by Texas Employers' policy was affirmed. Bowman v. Traders & General Ins. Co., Texas Civ. App., 208 S.W. 2d 420, writ refused, n.r.e., dealt only with the question of whether the injured employee was an employee of an insured general contractor and thus within the coverage of his workmen's compensation policy or whether he was an employee of an independent contractor. In Western Casualty & Surety Co. v. Thibedeaux, 190 Fed. 2d 730, Fifth Circuit, it was held that there was evidence to sustain the trial court's finding that the deceased was an employee rather than an independent contractor and that the provisions of the compensation policy were broad enough to cover the particular activity in which the employee was engaged as a part of the employer's single business enterprise.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered July 29, 1959.

Rehearing overruled October 7, 1959.