COAL OPERATORS CASUALTY COMPANY, Appellant,

v.

James E. RICHARDSON, Appellee.

No. 6845.

Court of Civil Appeals of Texas.

Beaumont.

April 13, 1967.

Rehearing Denied May 10, 1967.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellant.

Joe H. Tonahill, Jasper, for appellee.

PARKER, Justice.

This is a Workmen's Compensation case. In the trial court, on the verdict of the jury, plaintiff, James E. Richardson, was awarded judgment against Coal Operators Casualty Company for total and permanent incapacity as a natural result of injuries sustained by plaintiff on May 26, 1963 while in the course and scope of his employment by Helen Versie Richardson and for the recovery of medical expenses in the sum of $3,262.50. The parties will be called plaintiff and defendant as in the trial court.

The findings of the jury in answer to special issues Nos. 1, 4 and 13 are attacked by defendant insurance company. In answer to the numbered issues below the jury found:

1. On or about May 26, 1963 the plaintiff was an employee of Helen Versie Richardson.

4. That plaintiff on that date received an accidental injury in the course of his said employment.

13. In the year immediately preceding May 26, 1963 plaintiff's average daily wage earned during the days he worked in such employment was $10 per day.

On Sunday, May 26, 1963 at about 8:00 p. m. plaintiff was injured in a collision while driving a truck owned by Helen Richardson. She was in the logging business, owned all the equipment used in the business, paid all expenses of the business and the wages to all persons including plaintiff, paid for the oil, gas, repairs, parts and maintenance required for the operation of the truck. In selling logs Helen Richardson received payment for the hauling. The stumpage was paid to T. O. Sutton & Sons. Helen Richardson paid her own bookkeeper, who withheld social security and withholding tax from the payroll check to plaintiff. Plaintiff received a second check from Helen Richardson. Both checks represented payment to plaintiff for the labor he performed for his employer, cutting, bunching and hauling logs from the woods and transporting logs that were culled upon inspection by a box factory, upon a railroad switch track, to Stephens-Weatherford Lumber Co. (Stephenson Lumber Co.). Periodic inspection of cull logs was one of plaintiff's duties as an employee, for which he was paid by Helen Richardson, the em-

ployer. He was paid by her upon a time basis.

The premium for workmen's compensation insurance carried by Helen Richardson on plaintiff was paid by her but for less than it should have been because she paid plaintiff $30 a week by another check. Likewise, the withholding of social security and income tax by the bookkeeper was less than it should have been. However, plaintiff had no control over the bookkeeper. The agencies of the Federal government are not parties to this suit. Plaintiff did not know of and did not participate in profits from the logging business owned by his mother and employer, Helen Richardson. She, not plaintiff, kept a second set of books on the logging business that her bookkeeper, Mrs. Fowler, did not maintain or manage. Plaintiff's weekly wage was $60 a week and daily wage was $10. He had been employed for at least 300 days for the year preceding May 26, 1963.

Helen Richardson, not plaintiff, approved new employees and fixed their rate of pay. She advised plaintiff on things concerning the job. His time included the hours he worked on Saturday and Sunday and time spent repairing equipment. All of Helen Richardson's employees were engaged in logging.

On May 26, 1963 plaintiff left his employer's home in Colmesneil where he and his employer lived to go to Simon's Switch about 2½ miles north of Colmesneil. He was driving a pickup truck owned by Helen Richardson furnished him to be used in her logging business. He went to Simon's Switch to inspect the logs culled by the box factory and on the switch, to determine whether or not there were enough culls to make a load to carry to Stephens-Weatherford Lumber Co. (sometimes called Stephenson Lumber Co.). Leaving Colmesneil he travelled north on Highway 69 about 2 miles, travelled east on a Farm to Market road ½ mile and left this road and travelled 600 yards to Simon's Switch on the railroad. There he inspected the logs for culls. Then he returned to Colmesneil on a dirt or gravel road at its intersection with another road about 2 blocks from the blacktop Lake Tehas road. The latter runs east and west through Colmesneil. Plaintiff was travelling south, when it collided with a truck travelling east. Plaintiff's wife was notified of the accident at 7:30 or 8:00 p. m. There was no deviation en route from Simon's Switch to his employer's home where the truck was kept. He went one way and returned another way. Each was a direct route. At the time of the collision and injury to plaintiff he was engaged in the furtherance of the business of his employer, driving a truck furnished and controlled by the employer. He had not abandoned the furtherance of his employer's business and the trip was not in furtherance of his personal or private affairs.

Defendant insurance company urges and contends in various points of error that the submission of special issues 1, 4 and 13 as well as the jury's answers thereto, were supported by no evidence, insufficient evidence and were contrary to the overwhelming weight and preponderance of the evidence so as to be manifestly wrong and unjust. In the "no evidence" points, that part of the record most favorable to the appellee, the plaintiff below, supporting the jury's findings is controlling. The "no evidence" points are overruled. All the record and all evidence is reviewed in considering the "insufficient evidence" points and those points contending that the jury's answers are contrary to the overwhelming weight and preponderance of the evidence so as to be manifestly wrong and unjust. Each and all of such points are overruled.

The defendant issued its policy under the Workmen's Compensation Act covering the employees of Helen Richardson. It urges that fraud was perpetrated upon the Federal government, fraud upon the Texas Employment Commission and fraud upon the insurance carrier. The fraud upon the insurance carrier was the failure of

the employer to pay adequate premiums under the policy. Plaintiff had no obligation to pay defendant insurance company any premiums on this policy. Under the Workmen's Compensation Act and the policy, defendant is obligated to pay the injured plaintiff under the terms of the policy and the statute. Anderson-Berney Realty Co. v. Soria, 123 Tex. 100, 67 S.W.2d 222; Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969 (1943, Comm.App., opin. adopted by S.Ct.). This protection to plaintiff was not lost because his employer failed to pay the proper premium to the insurance company. Home Life & Accident Co. v. Orchard, 227 S.W. 705 (Tex.Civ.App.1921, n. w. h.); Federal Underwriters Exchange v. Morton, 167 S. W.2d 267, 270 (Tex.Civ.App. 1942, wr. ref'd want of merit). This point of error is overruled.

■ During the course of the trial, the defendant requested the court to permit it to file a trial amendment alleging plaintiff was an independent contractor. The trial court refused its motion. This request was made after the introduction in evidence of checks of $30 each, signed by the employer and payable to the employee, on each check there being written "contract labor". Plaintiff received these checks in part payment for his work for Helen Richardson. In refusing to permit defendant to file this trial amendment, the trial court stated that the checks had been available to the defendant since the inception of the case, overruled the defendant's motion for that and other reasons. There is no other probative evidence that plaintiff was an independent contractor. We find no abuse of discretion on the part of the trial court in refusing to allow the filing of this trial amendment.

■ The defendant has nine points of error complaining of jury argument. In his opening argument attorney for plaintiff stated: "We know he knew he was going there and left there coming home, at which time he left the Switch going his usual way

coming home." and "The usual way James went out to the Switch was up 69 and down that dirt road, a variation." This was objected to on the ground there was no testimony in the record whatsoever he was going his usual way home. The court instructed the jury: "You will remember the testimony better than I. If in your remembrance that argument is contrary to your memory, disregard it." Whether or not it was the usual way for plaintiff to return home from Simon's Switch was immaterial for he made the return trip in a direct route in furtherance of his employer's logging business. Defendant contends that plaintiff's counsel in his argument told the jury that when Cecil Davis, a witness called by the defendant, had seen the plaintiff that the plaintiff was on his way to Woodville to pick up a can of diesel oil, which argument was wholly outside the record in this case and was on a most crucial issue. On this matter, defendant urges that his motion for mistrial should have been granted and his objection should have been sustained. No such argument was made in that manner by attorney for plaintiff. The argument made by attorney for plaintiff was in direct reply to the argument by counsel for the insurance company that James Richardson was a liar, was guilty of criminal acts and was not worthy of belief. In reply, attorney for plaintiff said:

"* * * Wouldn't it have been easy for James to get up on that witness stand Wednesday morning and say, Yes, I went out to Nugents house; I went out there, yes; I went out there and then I went back home. Wouldn't that have been easy. If he was going to lie about something, why doesn't he lie about something that's going to help him? Wouldn't it have been easy for James to get up here and say, Yes, I had been to Woodville that afternoon to pick up a barrel of diesel fuel; wouldn't that have been easy for him to do, and, I saw Mr. Davis. I saw my old friend, Cecil Davis."

Further, these incidents occurred several hours before plaintiff went to Simon's

Switch and were not upon a crucial issue. The crucial issue was whether or not plaintiff was working in the furtherance of the business of his employer at the time of the accident.

■ Defendant complains of the unsworn testimony in the argument by attorney for plaintiff that the defendant had subpoenaed Stephens-Weatherford Lumber Co. records and had not introduced them in evidence. Upon objection the court instructed the jury to disregard the statement and overruled motion for mistrial.

Analyzing, weighing and considering the entire record, each of the arguments to the jury by plaintiff's attorney and the cumulative effect of the entire argument was not calculated to cause and did not probably cause the rendition of an improper judgment.

All of defendant insurance company's points of error are overruled.

Judgment of the trial court affirmed.