**Mrs. Bennie Ray HATFIELD et al., Plaintiffs-Appellees,**

v.

**ANTHONY FOREST PRODUCTS COMPANY, Defendant-Appellant,**

v.

**SOUTHWESTERN ELECTRIC POWER COMPANY, Third-Party Defendant-Appellee.**

No. 79–3951.

United States Court of Appeals, Fifth Circuit. Unit A

April 10, 1981.

Rehearing Denied May 13, 1981.

---

**4.** See n.3, *supra.*

Potter, Guin, Miller, Roberts & Ireland, John H. Minton, Tyler, Tex., for defendant-appellant.

Jones, Jones & Baldwin, Scott Baldwin, Marshall, Tex., for Hatfield, et al.

Herbert Boyland, Longview, Tex., for Southwestern Elec.

Before RUBIN and GARZA, Circuit Judges, and SUTTLE,* District Judge.

* District Judge for the Western District of Texas, sitting by designation.

SUTTLE, District Judge.

Bennie Ray Hatfield and Burl Douglas Hines suffered an electric shock while constructing a metal building in the Atlanta, Texas, lumberyard of defendant, Anthony Forest Products Co. Hatfield was electrocuted and Hines badly burned. Hatfield's survivors and Hines won a jury verdict in their negligence suit for damages against Anthony Forest Products.[1] Anthony Forest Products appeals from the judgment against it claiming (1) that the trial court erred in finding that Hatfield and Hines were not covered under the defendant's workers' compensation insurance policy and thus prohibited from bringing a negligence action against the employer, and (2) that the damages were excessive and not supported by the evidence.

## I

The issue of workers' compensation coverage was submitted to the court for determination of all related legal and factual questions. Under the Texas scheme of workers' compensation, Tex.Rev.Civ.Stat. Ann. Art. 8306 et seq. (1967), an employer may "subscribe" by paying the required premium to the "association," which is the Texas Employers' Insurance Association or other authorized insurance company. Tex. Rev.Civ.Stat.Ann. Art. 8309, § 1 (1967). An employee of a subscribing employer may not sue his employer at common law for damages, but must look solely to the association for compensation. Tex.Rev.Civ.Stat. Ann. Art. 8306, § 3 (1967). However, if an employer chooses to be a nonsubscriber, then the employee may bring a negligence action against it, and the nonsubscribing employer may not assert contributory negligence, fellow-servant rule, or assumption-of-risk as defenses. Tex.Rev.Civ.Stat.Ann. Art. 8306, §§ 1 and 4 (1967). The district court found that Hatfield and Hines were not within the coverage of the defendant's workers' compensation policy, and so could rightfully proceed with their negligence

suit for damages under sections 1 and 4 of Art. 8306.

The facts developed before the lower court showed that Anthony Forest Products was engaged generally in the business of operating lumber mills and manufacturing plywood and laminated beams, with five plants in three different states. In 1976, Anthony Forest Products hired several skilled laborers to construct a new metal building to be used as a dry kiln at its Atlanta, Texas, plant. These construction workers, who included the decedent Hatfield and the plaintiff Hines, operated under the name "Hatfield Construction Company," a company that did not in fact exist. The defendant's general manager at the Atlanta, Texas, plant testified that he made weekly lump sum payments to "Hatfield Construction Co." based on the hours the workers put in that week. Anthony Forest Products did not withhold income tax or social security tax and did not pay state unemployment tax on these workers. The "Hatfield" workers were paid a higher hourly salary than the regular sawmill employees. Their wages were not reflected on the defendant's payroll and so were not considered by the insurance company in calculating the premiums due on the workers' compensation insurance policy. Nor did the defendant at any time offer to pay premiums on these employees. In short, the general manager admits that, before the accident, he never considered Hatfield and Hines to be employees, and never treated them as such. At trial, however, both parties stipulated to the proposition that Hatfield and Hines were indeed employees of Anthony Forest Products, and that they suffered electric shock in the course and scope of their employment.

The district court specifically found that the defendant purposely engaged in a scheme or course of action that it hoped would circumvent the application of the workers' compensation laws to these temporary employees. This finding is sup-

---

1. The defendant has not contested on this appeal the jury verdict favorable to the third-party defendant, Southwestern Electric Power

Company. Therefore, we express no opinion on that part of the judgment. See, Gele v. Wilson, 616 F.2d 146, 149 n.3 (5th Cir. 1980).

ported by the record and it is not clearly erroneous.

The court then correctly concluded that Hatfield and Hines were not covered by the defendant's workers' compensation insurance, citing the factually similar case of *Hartford Accident and Indemnity Co. v. Christensen*, 149 Tex. 79, 228 S.W.2d 135 (Tex.1950). Where the employer has purposely evaded the workers' compensation laws to avoid paying premiums on certain employees, it should not be permitted to defeat those employees' election to resort to a common-law action for damages by insisting that they were covered by the insurance policy. *Id.* at 139.[2]

■ Under Texas law, an employer may not cover only part of the employees and leave others in the same general business uncovered; but, where the employer engages in two separate businesses, the employer may choose to insure the employees of one business and not the other. *Pacific Indemnity Co. v. Jones*, 160 Tex. 164, 327 S.W.2d 441 (1959). The district court found that, while Hatfield, Hines, and the other members of "Hatfield Construction Company" were engaged in a separate business from Anthony Forest Products' sawmill operation, the defendants engaged in a scheme or course of action to circumvent the application of the workers' compensation laws to them. Therefore, the compensation insurance did not cover them. We need not pass on whether the court clearly erred in finding "separate businesses." The *Christensen* decision demonstrates that Texas courts will not allow the employer to defeat the employees' common-law action for damages by insisting that the employees were engaged in a single business, and that, therefore, the policy should be extended to provide them coverage. The employer "cannot complain [of] being left where he

chose to place himself by his policy contract." *Hartford Accident and Indemnity Co. v. Christensen*, 288 S.W.2d at 139.

## II

The defendant also appeals from the denial of its motion for remittitur.[3] It is only in rare instances that this Court has felt bound to set aside a jury award for its excessiveness. *Perricone v. Kansas City Southern Railway Co.*, 630 F.2d 317, 319 (5th Cir. 1980). Accordingly, this Court is "exceedingly hesitant" to alter the verdict. *Bridges v. Groendyke Transport, Inc.*, 553 F.2d 887, 880 (5th Cir. 1977). Where the jury's decision has been approved by the trial judge, the Court will not disturb the award except where verdict is so gross as to be contrary to right reason or to be a clear abuse of discretion with respect to assessment of damages. *Bailey v. Southern Pacific Transportation Co.*, 613 F.2d 1385, 1390 (5th Cir. 1980).

■ The jury awarded Hatfield's widow $800,000, his child, $100,000, and Hines $500,000; to these amounts, the judge added the stipulated amount of past funeral and medical expenses. At the time of the accident, Hatfield was 25 years old, and the parties agree that he was earning approximately $19,000 a year. Hines, also in his early twenties, was earning $8.00 an hour at the time of the accident, but a few months thereafter worked for a short period of time for $9.25 an hour. He produced evidence of sterility, substantial pain and emotional suffering, disability to work in the future, and expected future medical expenses of $3,000 to $4,000 a year. This Court cannot say that the awards to the plaintiffs in this case were contrary to right reason or a clear abuse of discretion.

AFFIRMED.

2. The Texas Supreme Court in *Christensen* expressly did not pass on what the employee's rights would be if he or she elected to pursue benefits under the workers' compensation insurance policy, and we likewise make no prediction in this case.

3. Technically, if a defendant believes the damages awarded by the jury to be unlawfully excessive, the proper course is for the defendant to seek a new trial or ask that the court condition its denial of a new trial upon the plaintiff's filing a remittitur in a stated mount. *See, Lowe v. General Motors Corp.*, 624 F.2d 1373, 1383–84 (5th Cir. 1980).