**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**Herman Lee LEWIS, Appellee.**

No. 9495.

Court of Appeals of Texas,
Texarkana.

Jan. 13, 1987.
Rehearing Denied Feb. 10, 1987.

John R. Mercy, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Royal H. Brin, Jr., Strasburger & Price, Dallas, for appellant.

James R. Rodgers, Lovett & Rodgers, Paris, for appellee.

BLEIL, Justice.

Trinity Universal Insurance Company appeals a judgment allowing Herman Lewis to recover under the workers' compensa-

tion insurance policy held by Lewis's employer, Dr. Oliver Gooch. The key issue presented is whether any coverage was afforded Lewis under Gooch's workers' compensation policy. We conclude that Lewis was not covered under the policy and reverse the judgment.

Lewis worked for Gooch on the Rocking J Ranch outside Clarksville. He was a trained mechanic and bulldozer operator, and had been hired by Pat Close, the ranch foreman, primarily because of these skills. Close testified that Lewis had been hired as a ranch hand.

Lewis made about $250.00 per month more than the other ranch hands; Close stated that this was partly because of his training and partly because Lewis did not live on the ranch like the other ranch hands.

On July 14, 1982, while Lewis was bulldozing timber into windrows, a small log got caught in the upper cable block of the bulldozer. While attempting to dislodge it, Lewis slipped and fell, hitting his head and back on the bulldozer's radiator. He was unconscious for a short time, and was lying on the ground when Close and a co-worker arrived.

Lewis suffered lingering problems from this accident. He had difficulty standing and getting dressed, and could not work. One examining physician stated that the fall had aggravated a slipped disc and had strained muscles in the lower back region.

Gooch carried a workers' compensation policy with Trinity Universal. The policy lists the classes of personnel covered as "Physician & Clerical." No premiums were ever paid on anyone but office personnel at Gooch's office in Midland. The list of personnel submitted to the insurance company did not include any workers in Clarksville.

Gooch's former secretary, Kathy Saunders, testified over objection that it was Gooch's and her intent that the workers' compensation policy was to cover all employees, whether ranch or office. She stated that the policy covered all operations, but also that it said "classification of operations, physician and clerical."

In addition to the workers' compensation policy with Trinity, Gooch had a workers' compensation and employers' liability insurance policy with The Hartford Insurance Company. This policy specifically refers to Gooch's office practice and ranch in delineating coverage. It contains a form labelled "Texas Exempt Employees Coverage Endorsement" listing the ranch, and became effective on May 22, 1985. This policy was not in effect at the time of the accident.

The record also contains a policy from Aetna, designated as a "Farmers Comprehensive Personal Liability Policy." The effective date of this policy is April 1, 1983, and it was in effect at the time of the injury to Lewis.

Lewis claims coverage under the Trinity policy. Lewis's claim of coverage centers on language that the scope of coverage was "entire state of Texas (all operations)." However, this phrase does not actually appear in the policy issued by Trinity. Rather, it is from an Industrial Accident Board form which gives notice that an employer is a subscriber under the Workers' Compensation Act. This form, I.A.B. Form 20, was attached to the policy when it was introduced at trial, but it does not form part of the policy.

There is no language in the policy itself indicating that it was to cover the ranch. The policy states that it is to cover "Physician & Clerical," and there is no mention of the ranch or ranch workers, either in the policy or in the annual salary accountings sent by Gooch to Trinity.

■ When an employer conducts two separate and distinct kinds of businesses, each business involving different risks, payrolls, and requiring a different premium for compensation insurance, he may elect to insure the employees in one business and not in the other. *Pacific Indemnity Company v. Jones*, 160 Tex. 164, 327 S.W.2d 441 (1959). However, when an employer procures coverage for part of his employees under the Workers' Compensation Act, this coverage may extend to all other employees who work in the same

general business. *Maryland Casualty Company v. Sullivan*, 160 Tex. 592, 334 S.W.2d 783 (1960).

■ The workers' compensation policy issued by Trinity was procured for the doctor's office in Midland, and makes no reference to the ranch near Clarksville or any ranch employees. Ranch workers are not engaged in the same general class of business as clerical workers, and so Trinity's policy on its face does not provide coverage for the ranch in Clarksville.

Lewis concedes that no premiums were paid on the ranch workers under the workers' compensation policy, but argues that failure by the employer to pay required premiums does not forfeit the employees' coverage, citing *Coal Operators Casualty Company v. Richardson*, 414 S.W.2d 735 (Tex.Civ.App.—Beaumont 1967, writ ref'd n.r.e.). This is correct, but it does not address the issue of whether coverage existed under the policy. Since Lewis's only proof of coverage is the "all operations" language of I.A.B. Form 20, we find that coverage did not exist for the ranch employees under the policy.

■ We do not reach the question of whether Lewis was a ranch hand and thus excluded from coverage under the Workers' Compensation Act, which at the time did not cover ranch hands, because the policy issued by Trinity would not cover him even if he were classified as a mechanic rather than as a ranch hand. If he were a mechanic rather than a ranch hand, Lewis still would not be covered by the workers' compensation policy issued by Trinity because it only covered the doctor's office in Midland.

At trial, the court prevented Trinity from arguing the effect of the "Farmers Comprehensive Personal Liability Policy," which Gooch held from Aetna and which had been admitted into evidence. Lewis objected on the ground that the Aetna policy was not at issue and was outside the evidence; this objection was sustained.

■ Because the Aetna policy had been admitted into evidence, it was error to prohibit argument concerning it, as long as the intended argument was relevant to a material issue in the case. Counsel is entitled to draw inferences from evidence presented, whether reasonable or not. *Houston Lighting & Power Co. v. Fisher*, 559 S.W.2d 682 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). Since evidence was introduced regarding the intent of Gooch to cover the ranch employees with the workers' compensation policy from Trinity, Trinity was entitled to mention the Aetna policy to counter this contention by showing that the ranch employees were covered under another policy. The trial court erred in excluding this argument. However, the error is not one which requires reversal, because it is not of the type reasonably calculated to cause the rendition of an improper judgment. Tex.R. App.P. 81.

■ We similarly dispose of Trinity's complaint concerning Lewis's wrongful jury argument. In order to show that an improper jury argument constitutes reversible error, Trinity must show that an error occurred that was not invited or provoked, that proper objection was made, and that the argument by its nature, degree and extent constitutes reversibly harmful error. The complainant has the burden of proving the probability that the improper argument caused harm is greater than the probability that the verdict was grounded on the proper proceedings and evidence. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835 (Tex.1979). Trinity fails to show that the argument constituted reversible error.

■ Lewis brings a cross-point of error, complaining that the trial court improperly severed the action against Trinity from a negligence suit against Gooch and asserts this severance as error. The issue of whether or not to sever is within the discretion of the trial court, and will not be overturned absent a showing of abuse of discretion. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729 (Tex.1984).

Lewis alleges that the severed causes are intertwined and involve identical issues of fact and law, making severance improper. We disagree. One suit is based on recov-

ery under a workers' compensation policy, and the other is based on recovery under a theory of negligence. These causes of action depend to a large extent on different facts. The defenses available to the insurance company and to Gooch are wholly different, and the repeated references to insurance necessitated by Trinity's presence in a negligence suit involving Gooch could constitute reversible error as to Gooch.

The trial court's judgment is reversed and judgment is here rendered that Lewis take nothing by virtue of this action.