Jose MEDINA, Appellant,

v.

EL PASO MACHINE & STEEL WORKS, INC. and Al Goodwin, Appellees.

No. 08–87–00101–CV.

Court of Appeals of Texas, El Paso.

Nov. 4, 1987.

5. It is unclear from the record whether the photograph was that of appellant; however, it appears that it was.

James F. Scherr, Law offices of James Franklin Scherr, El Paso, for appellant.

William V. Ballew, III, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, and David Ellis, El Paso, for appellees.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from a summary judgment entered in favor of Al Goodwin and El Paso Machine & Steel Works, Inc. in a third-party case after a jury verdict in a worker's compensation case in which the jury made a negative finding as to whether Jose Medina received an injury on the date made the basis of this suit. We affirm.

Mr. Medina was employed by Al Goodwin to perform construction work on the premises of El Paso Machine & Steel Works, Inc. Following an accident, he filed a worker's compensation claim against El Paso Machine & Steel Works, Inc.'s compensation carrier and appealed the Board's denial of his claim to the County Court at Law No. Five in El Paso, Texas. Upon the trial of that case, the jury answered "no" to the issue which inquired if the plaintiff received an injury on March 9, 1984. Based upon that finding, the defendants in the third-party suit filed motions for summary judgment asserting the cause of action was barred under the doctrine of collateral estoppel or estoppel by judgment. In his response, Jose Medina asserted that the jury answer was not made in response to a necessary or proper question since the jury found that he was not an employee of El Paso Machine & Steel Works, Inc. He asserted that res judicata and collateral estoppel do not apply.

The Appellant presents five points of error. The first three points assert the doctrines of estoppel by judgment and res judicata do not apply because of a lack of fairness and the placing of a heavier burden on him. He also alleges a violation of due process of law. The last two points of error assert the trial court erred in entering summary judgment because the issues pled in the two cases are not the same.

 Any claims about a lack of fairness and a heavier burden or a denial of due process are not before us because those issues were not raised in the response to the motions for summary judgment. The only issues which may be raised on appeal are those raised in the trial court. Rule 166–A, Tex.R.Civ.P., specifically provides that "[i]ssues not expressly presented to the trial court by written motion, answer or response shall not be considered on appeal as grounds for reversal." See: *Fantastic Homes, Inc. v. Combs*, 596 S.W.2d 502 (Tex.1979); and *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

 Appellant argues that he originally sued these Appellees and the compensation carrier in one case and, having obtained a severance, these Appellees should not be able to take advantage of any findings in the compensation case. Clearly, the severance was proper. *Trinity Universal*

*Insurance Company v. Lewis,* 725 S.W.2d 332 (Tex.App.—Texarkana 1987, writ ref'd n.r.e.); *Kirby Petroleum Company v. Jones,* 383 S.W.2d 610 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.). We note as pointed out in the *Jones* case that courts will take judicial notice of the fact that a jury is more apt to render a judgment against a defendant where insurance is involved, thus a likelihood of a favorable finding of an injury having been sustained was probably greater in the compensation case than in a third-party case.

 The Workers' Compensation Act provides an exclusive remedy for recovery of damages for personal injuries sustained by an employee. Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 1. Generally, the initial issue in a worker's compensation case inquires if the employee received an injury on or about a specified date. See: 2 State Bar of Texas, Texas Pattern Jury Charges, pgs. 9 and 15 (1970). Without an affirmative finding of an injury, all other issues become immaterial. In this case the issue was essential to any recovery in the compensation case and the issue was a controlling issue.

Our decision is controlled by our holding in *Hardy v. Fleming,* 553 S.W.2d 790 (Tex. Civ.App.—El Paso 1977, writ ref'd n.r.e.). In that case we affirmed a summary judgment in a medical malpractice case based upon a plea of collateral estoppel arising out of a jury finding in a compensation case that the employee did not sustain a heart attack on the date in question. The net effect of the jury verdict was to find the employee did not sustain an injury (heart attack) and, therefore, he could not claim damages from the doctor for any alleged malpractice in his treatment of the alleged heart attack. Justice Ward writing for the Court said:

> The Plaintiff, Karl Hardy, the one against whom the plea of collateral estoppel is asserted, was the party Plaintiff to the prior adjudication and he lost on his claim that he sustained a heart attack on September 12, 1971. No useful public policy is served by permitting him to relitigate that identical issue in the

present suit. *Seguros Tepeyac, S.A., Compania Mexicana v. Jernigan,* supra, 410 F.2d at 727. Dr. Fleming, the one now asserting the plea, was not a party or in privity with a party to the prior litigation. There is no compelling reason that such be required and, in this fact situation, no satisfactory reason for any requirement of mutuality. *Bernhard v. Bank of America Nat. Trust & Savings Ass'n* [19 Cal.2d 807, 122 P.2d 892 (1942)] supra. The Plaintiff's first point is overruled.

 The Supreme Court of Texas reached that same conclusion in *Scurlock Oil Company v. Smithwick,* 724 S.W.2d 1 (Tex.1986), where it noted that the waste of judicial time in relitigating already decided issues is apparent. In that case the Court held that a judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal, unless the appeal is a trial de novo. Therefore, the appeal filed by Mr. Medina in the compensation case did not preclude the application of the doctrine of collateral estoppel in this third-party case. Points of Error Nos. One through Five are overruled.

The judgment of the trial court is affirmed.